## NEW JERSEY MUTUAL LIFE INSURANCE COMPANY *v.* BAKER.

1. Counsel cannot, in requests to the court below, assume the existence of facts and ask a charge to the jury based upon such assumption; nor, upon argument here, insist that, because the assumption was made, this court is to consider the assumed facts as existing.
2. The doctrine in *Insurance Company* v. *Wilkinson*, 13 Wall. 222, and *Insurance Company* v. *Mahone*, 21 id. 152, as to the admissibility of parol testimony to show that the answers to questions in an application for a policy of life insurance, as construed, interpreted, and written down by an agent of the company, were not those of the applicant, affirmed and applied to this case.

ERROR to the Circuit Court of the United States for the Northern District of New York.

The facts are stated in the opinion of the court.

*Mr. Dennis McMahon* for the plaintiff in error.

The court declined to hear counsel for the defendant in error.

MR. JUSTICE HUNT delivered the opinion of the court.

On the 28th of June, 1869, the New Jersey Mutual Life Insurance Company made its policy of insurance upon the lives of Anson M. Baker and Martha, his wife, undertaking, upon the death of either of them, to pay the survivor the sum of $10,000.

Martha Baker died on the 6th of December, 1870, and this action is brought to recover the amount insured by such policy. Upon a trial before the circuit judge and a jury, a verdict was rendered in favor of the plaintiff for the amount claimed.

The insurance company seeks to set aside the judgment rendered upon this verdict for the reasons following : —

1. That the court erred in refusing the request made by the defendant's counsel to direct the jury to find a verdict for the defendant, on the ground that the evidence was not sufficient to sustain a verdict for the plaintiff.

This request was based upon the allegation that there was undisputed evidence of a violation of "certain expressed warranties contained in their application, the 22d," which referred to the party's usual medical attendant, and the answer thereto ; and also "in regard to question No. 7, what members of the party's family have died of or been afflicted with" certain diseases named, and the answers thereto.

It will not do for counsel, in requests to the court, to assume the existence of facts, and ask a charge to the jury based upon such assumption. *Gladmon* v. *Railroad Company*, 15 Wall. 401. Nor will it do for counsel, upon argument before this court, to insist that, because the counsel below made such assumption, we are to consider the assumed facts as existing. An examination of the record before us shows that the statements upon which the above request was made are without foundation. There is no evidence that the policy contained any agreement that the statements of the application should be express warranties, or that they should have any effect whatever ; there is no evidence that the application, which was upon the trial assumed to have been made, and which contained the questions and answers referred to, was ever presented to the insurance company ; there is no evidence that the policy of Mr. and Mrs. Baker was based upon such application ; there is no evidence that the policy issued referred in any manner to this application, or that this application referred in any manner to the policy. On all these points we have no information. The record is absolutely silent as to each of them.

The only information we can obtain of the contents of the policy is from the complaint and the answer. The complaint, not

referring to any application, alleges the execution of a policy of insurance for the sum of $10,000 upon the lives of Baker and his wife, in consideration of the payment of the sum of $412.20 at the time of its issuance, and of the future annual payment of the same sum ; alleges the death of the wife, notice to the company, the service of proofs, and performance of all the conditions required.

The company answered, admitting the allegations of the complaint, " except as hereinafter modified, and except the allegation that the plaintiff performed all the conditions of the policy," as to which it alleges a failure to perform, by reason of concealing certain information set forth.  The answer also denies that the agreement to pay the sum named formed the sole consideration of the policy, but alleges that the representations made in the " application therefor " formed a part of the consideration.

The answer proceeds, " 2dly, and as matter constituting a defence to the action," to allege the making an application in writing and the propounding of certain questions therein, and the answers thereto, and the agreement that such statements should form the basis of the contract of insurance ; that, if untrue, the policy should be void, and alleging that such statements were untrue.

All the special matters thus set forth are matters in defence, and the burden of proving their truth rested upon the defendant. If this application formed the basis of the contract of insurance, the defendant should have made proof to that effect at the trial. If the plaintiff had stipulated that any untrue statement (whether material or not, whether wilfully false or mistakenly untrue) should destroy his policy, the defendant should have proved at the trial a fact so material.  No such proof appears in the record.

By the course of the trial, it was assumed that an application had been made, and that it contained the questions and answers numbered as above set forth.  It is, however, nowhere admitted or assumed that it formed the basis of the policy, or that the policy contained any stipulation in regard to it.

The facts upon which the requests to charge, not appearing by the record, cannot be assumed to exist ; and, without examin-

ing whether they were properly refused, if the facts had been shown, we can give them no consideration.

The second general objection of the defendant is based upon an alleged error in admitting evidence of what took place when the answers to the questions already referred to were written in an application for insurance. These questions were put and the answers were written down by Dr. Wells, the agent of the insurance company, and the application was signed by Mrs. Baker. There were present Mr. and Mrs. Baker, Dr. Wells, the agent of the company, and Dr. Hibbard. The proceedings in relation to question No. 12 will illustrate the course of the trial. Question : "Have the party's parents, brothers, or sisters been afflicted with pulmonary or other diseases hereditary in their nature ?" to which the answer was written, "No." Dr. Hibbard was asked to state the conversation that took place between himself, Dr. Wells, the agent of the company, and Mrs. Baker, when this question was put and answered. To this evidence objection was made, on the ground that the answer was in writing, and that it was not competent to vary the same by parol testimony. The objection was overruled, and the witness answered, "I asked in reference to the cause of the death of her brothers and sisters, whether they died of pulmonary consumption. She said it was reported that two or three of them died of pulmonary consumption, but there was a difference of opinion respecting that, and she was unable to decide, but her view of the question was they had not died of consumption." The same question was put on the trial to the plaintiff as had been put to Dr. Hibbard, and a similar objection was made. He gave the answer of Mrs. Baker as similar to that given by Dr. Hibbard, but more in detail as to the supposed causes of the deaths in the family. He adds : "After she had completed this answer, Dr. Wells said, that where she had no personal knowledge she was to answer, 'Don't know.' Dr. Wells then wrote out the answer. I did not see what he wrote." He testified also that the application was not read over to Mrs. Baker after being filled out by Dr. Wells.

The subsequent evidence of Dr. Wells was in some respects contradictory to this, he stating, among other things, that the answers were read over to Mrs. Baker ; but as the question is

upon the admissibility of the evidence, it is not important to consider it.

It is manifest, upon the testimony of the witnesses, that Dr. Wells, the agent of the company, undertook to construe and interpret the answers of the applicant, and wrote down and inserted in the application his construction and interpretation of them, and not the answers themselves. The evidence objected to was admissible to show that the statement was not that of the applicant, although signed by her. The statement was one prepared by the company, for which it was responsible, and it cannot be set up to defeat its policy. *The Insurance Company* v. *Mahone*, 21 Wall. 152, is a full and satisfactory authority to this point, as is also *The Insurance Company* v. *Wilkinson*, 13 id. 222. In the former case the opinion was given by Mr Justice Strong, and in the latter by Mr. Justice Miller, and each of them contains a full and careful consideration of the precise question before us. These cases are so recent and so fully in point that further discussion is unnecessary.

The objections to the other questions are of the same character.

Upon the record before us there can be no doubt that the judgment should be affirmed ; and it is          *So ordered.*