Hon. WILLIAM H. DE WITT,
Hon. WILLIAM H. HUNT, } Associate Justices.

BOARD OF TRUSTEES OF SCHOOL DISTRICT NUM-
BER ONE, RESPONDENT, *v.* WHALEN ET AL.,
APPELLANTS.

[Submitted September 26, 1895. Decided October 7, 1895.]

ESTOPPEL—*Res adjudicata—Contracts—Assignment.*—In an action brought by a build-
ing contractor to recover the amount due upon a contract, from the trustees of a
school district, in which action a bank was made a party defendant, it was alleged
that the plaintiff had assigned to the defendant bank certain moneys to become due
under the contract as collateral security for a loan. The defendant bank did not ap-
pear and its default was entered. Thereafter the trustees paid the amount due upon
the contract into court and commenced an action against the contractor's creditors.

to determine their respective rights to the fund. *Held*, that the bank was not a necessary or proper party to the action against the trustees nor were its rights adjudicated therein, and therefore it was not estopped by the judgment in that case from asserting the priority of its lien upon the fund in question in the subsequent action.

CONTRACT—*Assignment.*—A provision in a contract for the construction of a school house, that no interest in the contract could be assigned without the consent of the trustees or the architect, does not prevent its assignment as collateral security for money loaned to carry out the contract, and an assignment for such purpose cannot be questioned by creditors of the contractor.

SAME—*Same—Chattel mortgage.*—The assignment of moneys to become due on a building contract and the delivery of the contract as collateral security is merely an assignment of a chose in action, and is not such a transfer of personal property as to require acknowledgement, affidavit of good faith and record, under the provisions of the statutes relating to chattel mortgages.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION to determine rights of several claimants to a particular fund. Motion by defendant bank to strike out portions of the answers of its codefendants was sustained by HUNT, J. Affirmed.

Statement of the case by the justice delivering the opinion.

It appears from the record in this case that on the 28th day of August, 1893, the defendants Whalen & Grant recovered judgment in the district court of Lewis and Clarke county against the plaintiff herein for the sum of $24,939.63 and costs, upon a contract theretofore entered into between Whalen & Grant and the plaintiff in this suit for the erection of a school house in school district No. 1. In said suit Whalen & Grant made the respondent the Montana National Bank a party defendant. Service of summons against the bank in that suit was had by serving the same upon the assistant cashier of the bank. The bank made no appearance in said suit. The default of the bank was entered in said suit. In the complaint filed in that suit the plaintiffs Whalen & Grant alleged, ''that the said defendant, the Montana National Bank, is, and was at the times hereinafter mentioned, a corporation, organized and existing under the laws of the United States for banking purposes.'' The complaint was afterwards amended, and in their amended complaint Whalen & Grant alleged : ''And that

these plaintiffs having heretofore assigned as collateral security only to the defendant bank any and all moneys that might be payable to them under the terms of said contract or under modifications thereof or extras, of which said assignment the said defendant trustees had received notice from the defendant bank prior to the date in this paragraph last above stated, also demanded and requested of the defendant board of trustees that they pay all moneys or any moneys then due and owing plaintiffs, whether by reason of the contract or extras, or by way of modification to the defendant bank or to these plaintiffs, but that the defendant board of trustees failed, neglected and refused to pay any part or portion of the moneys so due and owing either to said bank or to the plaintiffs.'' In the prayer of the complaint this language is found: ''And plaintiffs further say that said defendant, the Montana National Bank, claims some interest in the said moneys sought to be recovered in this action from the said board of school trustees; and said bank is made a defendant hereto, and is required to allege whatever interest it may have therein, if any, in order that the same may be settled or determined in this action.'' These are the only references in the complaint to the defendant bank or to any interest it has in the said suit.

Prior to the rendition of the judgment in said suit, some of the defendants in this case had attached Whalen & Grant for moneys claimed to be due them, and garnished the plaintiff board of trustees. Defendants Atkinson & Miller and Toole & Wallace, attorneys for Whalen & Grant in said suit when said judgment was obtained therein, filed liens upon the judgment so obtained to secure the moneys due them as attorneys in that case. After said judgment was obtained, defendant Marlow, as receiver of the said bank, commenced an action against Whalen & Grant to recover the sum of $12,000, claimed to be due him as such receiver on account of the moneys advanced by said bank to them to enable them to carry out their contract with said trustees for the building of said schoolhouse, claiming that said Whalen & Grant had assigned part of the moneys coming to them from said board of school

trustees for the building of said schoolhouse to secure the moneys so advanced by said bank. Thereupon this plaintiff commenced this suit for the purpose of determining the rights of the several claimants to the moneys due and owing by it to Whalen & Grant, making all the defendants parties to this suit, having, by leave of court, paid the amount of said judgment into court, to the end that the court might order it paid to the parties entitled thereto.

The defendants all filed answers, setting up their respective claims to said moneys, and pleading, all except Marlow, the judgment roll in the case of Whalen & Grant against this plaintiff for the purpose of showing that Marlow, as receiver of said bank, was concluded by the judgment in said suit of Whalen & Grant against the trustees.

The defendant Marlow claimed to have the first lien upon said moneys, under and by reason of the assignments made to the bank by Whalen & Grant to secure the sums of money advanced, as stated above, to aid them, in the erection of said building.

The defendants other than Marlow set up in defense to Marlow's claim, in their respective pleadings :    (a) That the bank was made a party to the suit of Whalen & Grant against the board of school trustees for the purpose of determining any claim it might have in and to the moneys claimed to be due by Whalen & Grant from the board of school trustees, and was personally served with summons, and its default was duly entered, and the judgment was rendered against it, and that it was estopped thereby from asserting any claim to the moneys involved in this action.    (b) That the pretended conveyances of Whalen & Grant to the Montana National Bank were to secure further advances, without any limitation as to the amount or purpose, and that no delivery was had or possession taken of the property sought to be assigned; that no affidavits of *bona fides* of the transaction were attached to the conveyances, or acknowledgement of execution thereof; and that said conveyances, or certified copies thereof, were not filed in the office of the clerk and recorder of the county where Whalen & Grant

resided.    (c) That, under subdivision 8 of the contract between
Whalen & Grant and the board of school trustees, no interest
in the contract could be assigned without the written consent
of the trustees or the architect, Paulson, and that Paulson or
the board of trustees did not consent to the pretended assign-
ment.

That thereafter defendant Marlow moved the court to strike
from the other defendants' pleadings all allegations relating to
the matters set forth in the foregoing subdivisions a, b and c,
which motion was by the court granted, and to which ruling
the defendants other than Marlow excepted.

The court decreed that defendant Marlow, as receiver of
said bank, had, and was entitled to, the first lien on the moneys,
for the sum of $13,981.10, and the other parties to the vari-
ous sums set up in the findings, and in the order named.  From
this order and decree, the defendants other than Marlow ap-
peal.

*Toole & Wallace, A. J. Craven, T. C. Bach, Massena Bul-
lard* and *Walsh & Newman,* for Appellants.

The judgment in the action of Whalen & Grant against the
board of school trustees and Montana National Bank is con-
clusive against the bank and a bar to its claiming any part of the
money.    The bank was a proper party to that action.    Section
16, code of civil procedure, provides that any person may be
made a defendant who has or claims an interest in the contro-
versy adverse to the plaintiff.    The bank claims an interest in
the money adverse to the plaintiff's.    It was made a party
under the statute for the purpose of adjudicating its claim, and
the effect of the judgment should be as comprehensive as the
objects of the action, and the intention of the statute.    It is
evident that it is the intention of the statute to avoid a multi-
plicity of suits, and to determine in one action the rights of
all parties, whether legal or equitable, to the matters in con-
troversy.    Section 26 makes it the duty of the court to order
all persons to be brought in and made parties when it appears
that their rights will be in anywise affected by the determina-

tion of the matter in controversy. The bank was a necessary party to that action. Section 4 code of civil procedure, provides that all actions must be prosecuted in the name of the real party in interest. If the conveyances in question conveyed to the bank any part of the money arising out of that contract, Whalen & Grant. could not prosecute an action to recover from the board of school trustees the part so conveyed to the bank. Two separate actions could not be maintained to recover what was due Whalen & Grant and what was conveyed to the bank. The default of the bank is as conclusive against it as if it had asserted its claim, issue joined and the result of the trial gone against it. (Herman on Estoppel, pp. 42–44–46; Freeman on Judgments, §§ 330–303; *Haines* v. *Flinn*, 10 Am. St. Rep. 785.) The bank had full opportunity to plead, or avail itself of the estoppel created by the conveyance of the debt, if it was effectual for that purpose, and by its default it concedes that it was not. (*People* v. *Center*, 66 Cal. 562; Herman on Res Adjudicata, § 241 and cases cited.) The bank was brought in for the sole purpose of ascertaining whether it laid any claim to the debt or money due. It made none, created no costs, and a judgment against it for costs under such circumstances would be improper. (*Lask* v. *Perry*, 24 Ind. 126.)

It may be contended that the judgment does not in terms adjudicate the rights of the bank to the money in controversy. The matters in issue in that action were (a) how much, if any, was owing by the board of school trustees under the contract, and (b) who was entitled to receive it? The court ascertained the amount due and adjudged that it was due to Whalen & Grant. A judgment to be conclusive need not be against a party by name, it is enough that it is against his interest. (Herman on Estoppel, page 277–297–298; *Taylor* v. *Cornelius*, 60 Penn. St. 187; *Morenhout* v. *Higuera*, 32 Cal. 289; *Benjamin* v. *Railroad Company*, 49 Barb. 441; *Foust* v. *Huntington*, 113 Ind. 139, 15 N. E. 337. The judgment is not only conclusive as to matters litigated and decided, but as to all matters which the parties might have litigated and decided,

as incident to, or essentially connected with the subject matter
of the litigation.   (Freeman on Judgments, § 249; Herman
on Estoppel, page 277–1416–144; *Case* v. *Beauregard,* 101 U.
S. 692; *Marwell* v. *Connor,* 1 Hill Ch. 22; *Prior* v. *Dewey,*
11 Fed. 104.)

The conveyance to the bank was an attempt to convey an in-
terest in the contract, and without the written consent of the
architect or trustees it was void and of no effect, and the bank
did not take or acquire any interest in the contract or right to
any moneys arising therefrom.   The conveyance of the prop-
erty sought to be conveyed, to become a lien, comes literally
within the provisions and intent of the chattel mortgage law,
and is void as against creditors, because it does not conform to
the provisions of that statute.   (§§ 1538, 1539, 1540, 1541,
1549, Fifth Division of the Compiled Statutes.)   Considering
the question purely from a statutory standpoint the following
conclusions are reached :   (1) That choses in action are in-
cluded within the phrase personal property; (2) That they are
the subject of levy and sale under execution at the suit of a
creditor; (3) That it is a class of property that comes within
the spirit and reason of the chattel mortgage law intended for
the protection of creditors; (4) That the conveyance thereof
to the bank, to have the effect of a lien, comes within the
statutory definition of a chattel mortgage; (5) That not con-
forming to the provisions of the statute it is void as to credi-
tors.   Aside from the statute, how does the question stand
under the rules of the common law and decisions of the courts ?
By section 201, Fifth Division, General Laws, we have adopted
the common law.   We have in addition to the common law a
statutory recognition of the assignability of a chose in action,
and the right of the assignee to sue in his own name.   Mr.
Cobbey, in his work on chattel mortgages, section 189, lays
down the doctrine that under statutes governing chattel mort-
gages, a subject upon which his treatise is based, any thing
capable of sale or assignment is a proper subject of mortgage.
Growing crops, goods at sea, and choses in action, are alike
subject to mortgage.   A contractor who has a debt to become

due, under his contract, has such a potential interest as will enable him to assign or mortgage it. There is no conflict of the authorities on this proposition. (Jones on Chattel Mortgages, § 114; *Pendell* v. *Groom*, 18 B. Mon. 501; *Sandwich Manufacturing Co.* v. *Robinson*, 49 N. W. 1031, 33 Id. 567; *Lormer* v. *Allen*, 21 N. W. 149, 64 Ia. 725; *McArthur* v. *Garman*, 32 N. W. 14.) But, above all, if there was only an equitable lien or pledge created at common law, and a statute required a record to be made of it to be available against creditors, the statute must be complied with, or the creditor's claims take precedence, as the language is: no mortgage shall be valid against them without it. For a full discussion of this subject, we cite the court to *Gregg* v. *Sanford*, 76 Am. Dec. 719, and note. A valid assignment at law so as to create a lien under section 1549, can be made of money to become due under a contract. It is idle to say that anything short of the one contemplated by the statute can be made effectual against creditors. The right in the debt is coupled with an interest, is a vested one, and can be assigned. (See note to *Gregg* v. *Sanford*, 76 Am. Dec. 726.) But if there was any doubt about the construction of the statute it is settled by section 1549, which provides that the provisions of the chapter apply to all bills of sale, deeds of trust and other conveyances of goods, chattels or personal property as shall have the effect of a mortgage or lien upon such property. (*Story* v. *Cordell*, 13 Mont. 204.) Choses in action, or any potential interest in a claim due or to become due under a contract, are embraced in the terms personal property. (Rapalje's Law Dictionary, title "Personal Property;" Bouvier's Law Dictionary, title "Personal Property.")

The contract between Whalen & Grant and the board of school trustees, is one and indivisible, and inseparable. The conveyances to the bank attempt to convey only a part of the moneys arising under the contract. An assignment of a part of a fund, until accepted by the person holding it, the fund, or from whom it is due, does not operate as a legal or equitable assignment of that part of the fund or create a lien upon it.

(*Turner* v. *Jackson,* 5 Pet. 580; *Florence Mining Co.* v. *Brown,* 124 U. S. 385; *Mandeville* v. *Welch,* 5 Wheat., 277.) If the foregoing propositions or either of them be correct, it must follow as a logical conclusion that the court erred in striking from the defendant's answers and replication, the allegations relating to those matters.

*H. G. McIntire,* for Respondent Marlow.

The judgment in the action of Whalen & Grant against the board of school trustees and the Montana National Bank is not conclusive against the bank nor a bar to its claiming any part of the money. The only reference in the judgment to the bank being the following : "The default of the defendant bank, having been duly entered." Such judgment does not in any way adjudicate any right of the bank. It is a simple money judgment against the board of school trustees for $24,-939.63 and costs of suit. It is said that under section 16 of the code of civil procedure the bank was a proper party defendant to the suit of Whalen & Grant against the school board. That section so far as this point is concerned provides that any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. What is meant by the statute is a claim which is hostile and antagonistic to that of plaintiffs and an adjudication of which might defeat that of plaintiffs. Instead of being antagonistic or hostile, the bank's claim was entirely dependent on the success of the plaintiffs and a determination of the suit in their favor. The claim of the bank was not adverse to that of Whalen & Grant, but a part of it, and the right which the bank had prior to the suit would follow and remain a part of such judgment as Whalen & Grant might recover upon the contract. This would unquestionably have been the case had the bank not been made a party defendant, nor can we see how any change could be effected in a suit where no affirmative relief is sought against it. Nor was the bank a necessary party to that suit. As a

matter of defense the defendant therein could have insisted that, *pro tanto* at least, plaintiffs were not the real parties in interest, but this it does not seem was done. Surely then if the defendant in that suit did not see fit to assert this defense, these appellants cannot set it up in an entirely independent action. By the allegations of the complaint the existence of a claim on the part of the bank to a portion of the fund is distinctly asserted. Nowhere was the bank apprised that such interest was sought to be taken away from it. Indeed, under these allegations the bank had the right to rely on Whalen & Grant upholding the interest which they admitted to be still in existence. Why then should it have accepted the invitation in the prayer of the complaint and have incurred the expense of proving what plaintiffs admitted? It is horn-book law that no default judgment can be recovered beyond what is demanded. (Code of Civil Procedure, § 241; Herman on Estoppel, page 45; *Mudge* v. *Steinhart* (Cal.), 20 Pac. 147; *Rann* v. *Reynolds*, 11 Cal. 20; *Parrott* v. *Denn*, 34 Cal. 79.) Under the pleadings it would not follow, as asserted by appellants, that because the bank did not see fit to state what its claim was, now it has none, nor is it true that Whalen & Grant claimed all the money sought to be recovered. As against the bank the pleadings show that they made no adverse claim. The facts in the case under discussion appear to be on all fours with those in *Laughlin* v. *Vogelsang*, 5 Ohio Cir. Ct. 407.

But aside from all these considerations the underlying principle involved in the doctrine of *res adjudicata* is that a party having had his day in court, and having a valid judgment against him, is estopped from again litigating the same matter. To constitute such an estoppel the judgment must be final and of binding effect. (Freeman on Judgments, § 251; 1 Herman on Estoppel, page 39, § 47; Bigelow on Estoppel, page 28-32; 1 Black on Judgments, § 28; *Rockwell* v. *District Court*, (Col.), 29 Pac. Rep. 458; *Russell* v. *Lathrop*, 122 Mass. 300, and cases cited.) Findings of fact by the court upon which no judgment has been entered, although judgment was directed, do not constitute a judgment and are not admissible in evidence

in another action. (*Child* v. *Morgan* (Minn.), 52 N. W. 1127, and see *Barber* v. *Briscoe*, 9 Mont 341.) No judgment has ever been rendered or entered against the Montana National Bank; the most that has ever been done is the entry of its default. This is not a judgment upon which an estoppel could be predicated. It is not such a judgment as could be appealed from. (*Ricketson* v. *Compton*, 23 Cal. 650; *Scotland* v. *East Branch Mining Co.*, 56 Cal. 625.) Lacking this essential feature of finality, the judgment in the suit of Whalen & Grant against the board of school trustees is not a bar to any right which the bank may have, nor is the bank estopped from asserting such right. Again, "An estoppel must be certain to every intent, and if upon the face of the record anything is left to conjecture as to what was necessarily involved and determined there is no estoppel." (*Russell* v. *Place*, 94 U. S. 610, and cases cited; 1 Herman on Estoppel, page 289, § 252.) Again, the action of Whalen & Grant against the board of trustees was purely legal to recover damages for breach of contract. In such an action it is not obligatory upon a defendant to set up a purely equitable defense; it may be maintained in an independent action. (*Lorraine* v. *Long*, 6 Cal. 452; *Hough* v. *Waters*, 30 Cal. 309; *Ayers* v. *Bensley*, 32 Cal. 629; *McCreary* v. *Casey*, 45 Cal. 128; *Hills* v. *Sherwood*, 48 Cal. 386.) The bank's claim upon a portion of the money sought to be recovered in that action was an equitable and not a legal one. Recovery at law could not be had without showing that the debtor consented to such assignment, but it might be had in equity even without such consent. (*Grain* v. *Aldrich*, 38 Cal. 514; 5 Lawson on Rights and Remedies, page 4333, § 2653, note 5 and cases cited.)

It is apparent that the clause of the contract prohibiting the assignment or transfer of the contract, or any interest therein, did not contemplate that Whalen & Grant should not give orders for moneys coming to them from the school board; what was intended thereby was the prevention of practical substitutions of contractors. But even if appellants are correct, the only person who could avail himself of such a provision is

the party to the contract, the board of school trustees. Under no conceivable hypothesis is it available to these appellants. It is clear that Whalen & Grant could not question their right to make these assignments; and if they could not then appellants could not, for being attachment or garnishment creditors they can only have such rights as Whalen & Grant themselves possessed, in other words, by virtue of their garnishments they but step into the shoes of Whalen & Grant, and can obtain in the premises only such right, title and interest in the subject matter of the contract between Whalen & Grant and the school trustees as Whalen & Grant had at the time of such garnishments. This is fundamental. (Waples on Garnishment, page 209; 7 Lawson on Rights and Remedies, page 5591, § 3610; *Walling* v. *Miller*, 15 Cal. 38; *Aultman* v. *McConnell*, 34 Fed. 724.)

It is claimed that the two assignments or orders given by Whalen & Grant to the bank were mortgages, and inasmuch as they were not sworn to by the parties, nor acknwledged nor recorded, they are invalid as to the attaching creditors of Whalen & Grant. The statute, section 1538, fifth division, so far as this point is concerned, reads as follows: "No mortgage of goods, chattels or personal property shall be valid as against the rights and interests of any other person than the parties thereto, unless the possession of such goods, chattels or personal property be delivered to and retained by the mortgagee, or the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit," etc. It seems to us clear that in the construction of this statute for the purpose of ascertaining what species of property was meant by the legislature, in the use of the words "personal property," one is impelled to the conclusion that only tangible, visible property was understood—the general words personal property following the specific ones goods and chattels, under the maxim *noscitur a sociis* being limited to such property as is *ejusdem generis* with goods and chattels, e. g., such as is visible and may be handled. (*Brooks* v. *Cook*, 44 Mich. 617; *In re Bowe Water Co.*, 20 Atl. Rep. 109;

*Brailey* v. *Southborough*, 6 Cush. 141; *Livermore* v. *Camden*, 29 N. J. L. 248; *Albany* v. *Montague*, 117 U. S. 602; *Bucher* v. *Commonwealth*, 103 Pa. St. 107; *Sullivan's Appeal*, 77 Pa. St. 107; *Evans' Appeal*, 81 Pa. St. 302; *Wilcox* v. *Jackson*, 13 Pet. 496; *Clugaray* v. *The Mayor*, 13 N. Y. 220; *State* v. *Black*, 75 Wis. 462; *Shirk* v. *People*, 121 Ill. 61.) The authorities are all one way and conclusive that under chattel mortgage statutes like that of Montana it is not essential that they should be complied with to render valid a mortgage of a chose in action. (*Lawrence* v. *McKenzie*, 55 N. W. 505, and cases cited; and see, also, *Walling* v. *Miller*, 15 Cal. 38.) But even if it were essential to comply with the statutory requirements in order to validate a mortgage of a chose in action, it is only necessary to do so when there is no delivery of possession by the mortgagor to the mortgagee. (Section 1538.) In the case at bar there was a delivery, the only delivery that this species of property is capable of. By the making of the assignments and their subsequent service upon the board of school trustees, Whalen & Grant deprived themselves of all dominion over or ownership of the funds assigned, and the board could only legally pay the same to their assignee, the bank. (3 Pomeroy Eq. Jur. § 1280; 5 Lawson's Rights & Remedies § 2661; *Brill* v. *Tuttle*, 81 N. Y. 454; s. c. 37 Am. Rep. 515; *James* v. *City of Newton*, 142 Mass. 368; s. c. 56 Am. Rep. 629.) Appellants further contend that an assignment of part of a fund is invalid, especially if the person on whom it is drawn does not formally accept it. This may be so at law but it is not in equity. (*Exchange Bank* v. *McLoon*, 73 Me. 498; s. c. 40 Am. Rep. 388, and cases cited; *Grain* v. *Aldrich*, 38 Cal. 514; 3 Pomeroy Eq. Jur. § 1280; 5 Lawson's Rights and Remedies § 2653, and the cases cited in Note 5; *James* v. *City of Newton*, 142 Mass. s. c. 56 Am. Rep. 692, decided in 1886, is an elaborate review of the authorities sustaining the above proposition. (*Brill* v. *Tuttle*, 81 N. Y. 454; s. c. 37 Am. Rep. 515.)

PEMBERTON, C. J.—The appellants contend that there was

error in the action of the court in striking from their plead-
ings the allegations therein contained, and as set out in subdi-
visions a, b, and c in the statement, relative to Marlow's hav-
ing been a party to the suit of Whalen & Grant against the
plaintiff in this suit, the entry of default against him, and his
being estopped from claiming any interest in the moneys in
dispute herein by reason of the proceedings and default
therein.

This we regard as the main question involved in this appeal.
We think the bank was not a necessary or proper party in the
suit of Whalen & Grant against the plaintiff herein. That was
a suit at law to collect the amount Whalen & Grant claimed to
be due and owing them from the board of trustees upon a con-
tract to build a schoolhouse in district No. 1. While the
amended complaint in that case stated that Whalen & Grant
had assigned the moneys due and to become due to them on
the contract with said trustees, and that the trustees refused
to pay any part of said sum, either to them or to the bank,
and the prayer of said complaint stated the bank claimed an
interest in the matter, and asked that the bank be required to
assert its interest, still we think the complaint stated no facts
that required the bank to appear and claim an adjudication of
any rights it had to the moneys claimed to be due from the
trustees to Whalen & Grant. Whalen & Grant, in their com-
plaint, disclosed the interest or claim the bank had in the
moneys claimed to be due from the trustees to them. They
stated that they had assigned this money to the bank. This
was not disputed by the trustees in that suit. No issue was
made that demanded the appearance of the bank to defend any
right involved in that controversy. No adjudication was had
or attempted in that suit as to any right of the bank to any
moneys coming to Whalen & Grant from the trustees. The
suit was tried and determined as if the bank had never been
mentioned in the pleadings. Nor are we able to see that there
was any issue in that case that involved or could have involved
any right of the bank. Whatever right the bank had was de-
pendent upon the recovery of Whalen & Grant. Whalen &

Grant had assigned to the bank the right to collect of the trustees, of the moneys due and to become due on the building contract, an amount equal to the amount advanced by the bank to them to enable them to build the schoolhouse.    Whalen & Grant allege this in their complaint.    They could not deny it. The trustees did not controvert it.    Then there was no controversy into which the bank could be drawn.    There was no controversy to which it could become a party.    There was no controversy as to this matter adjudicated or determined in that suit by the court, or attempted to be adjudicated or determined.    We think, therefore, that the allegations of the pleadings of the appellants which were stricken therefrom by the court, as shown above, constituted no defense to the bank's claim to the moneys in dispute, and that there was no error in the action of the court in this respect.    It is not contended in that suit that the bank was a real party in interest to the extent that it should have been a party thereto.

The judgment entered in the case of Whalen & Grant against the school board contained this recital:    "The default of the defendant bank having been duly entered."    There is no other reference to the bank in the judgment.    Counsel for appellants contend that, by virtue of the above recital in the judgment, the rights of the bank to the moneys in the present suit were adjudicated, and that it is now estopped from asserting any claim to any part thereof.    But the rights of the bank to the moneys owing to Whalen & Grant from the trustees were never even attempted to be adjudicated in that suit.    No issue was made as to their rights in that suit.    The entry of the default of the bank was not a final judgment from which the bank could have appealed, even if any rights it had had been adjudicated in the suit.    To successfully invoke the doctrine of *res adjudicata*, and assert that the bank is estopped by the judgment in that case from claiming any right to the moneys now in dispute, it must be shown that such judgment was final and certain as to what was adjudicated and determined by the judgment.    (Freem. Judgm. § 251; Herm. Estop. §§ 47, 252; *Ricketson* v. *Compton*, 23 Cal. 650; *Scotland* v. *East Branch Min. Co.*, 56 Cal. 625; *Russell* v. *Place*, 94 U. S. 610.)

In *Russell* v. *Place* the court says: "An estoppel must be certain to every intent, and if, upon the face of the record, anything is left to conjecture as to what was necessarily involved and determined, there is no estoppel." But the suit of Whalen & Grant being purely an action at law, it is not certain by any means that the bank was obliged to appear therein because it was made a party, and set up a purely equitable defense. (*Hought* v. *Waters*, 30 Cal. 310; *Ayres* v. *Bensley*, 32 Cal. 620; *McCreary* v. *Casey*, 45 Cal. 128; *Hills* v. *Sherwood*, 48 Cal. 386.)

The appellants contend that the bank acquired nothing by virtue of the assignments to it by Whalen & Grant of the moneys coming to them under the contract with the trustees, for the reason that the contract itself provided that they should not assign any interest therein without the written consent of the trustees or the architect. We think the clause in the contract under discussion did not prevent, and was not intended to prevent, the giving of orders by Whalen & Grant on the trustees for money due thereunder. It was evidently intended by this clause to prevent Whalen & Grant from subletting the contract, or any part thereof, without the consent of the trustees or the architect. This clause was inserted for the protection of the trustees. They have interposed no objection to these assignments. It does not now lie in the mouths of Whalen & Grant to repudiate these assignments after having obtained thereby the bank's money, to enable them to carry out their contract with the trustees; and, as the appellants stand in the shoes of Whalen & Grant, it is difficult to see how they can assert rights and defenses against the bank that are not allowable to Whalen & Grant.

Appellants contend that the assignments made by Whalen & Grant were void as to them, because they were not acknowledged; that they contained no affidavit as to the *bona fides* of the parties, and were not filed with the clerk and recorder of the county wherein Whalen & Grant resided. This contention is based upon the theory that the law in relation to chattel mortgages is applicable to the execution of these assignments.

Whalen & Grant assigned to the bank sufficient of the money coming to them from the trustees to pay the amount advanced by the bank to Whalen & Grant to enable them to carry out their contract with the trustees, and, in the assignments, authorized the bank to collect and receipt for the same. At the same time they delivered the building contract between themselves and the trustees to the bank, as collateral security. The most they did by these assignments was to assign to the bank the right to recover that amount of money from the trustees. They assigned a chose in action which was defeasible and conditional. It was not such personal property as was capable of delivery, or of any other delivery than was made. We do not think this was such personal property as is contemplated by our statutes relating to chattel mortgages of personal property. (Jones Chat. Mortg. § 278, and authorities cited; *Howe* v. *Jones*, 57 Iowa 138, 8 N. W. 451, and 10 N. W. 299; *Lawrence* v. *McKenzie* (Iowa), 55 N. W. 505.)

There are other errors assigned, but we think the treatment above renders it unnecessary to discuss them. With the treatment above, they become immaterial. The judgment and order appealed from are affirmed.

*Affirmed.*

DE WITT, J., concurs.

HUNT, J., having tried the case in the court below, did not sit in the hearing of this appeal.

