# UNITED STATES HEALTH & ACCIDENT INSURANCE COMPANY *v.* CLARK.

[No. 6,079. Filed February 28, 1908.]

1. APPEAL.—*Assignment of Errors.—Jurisdiction of Subject-Matter and Person.*—An assignment·on appeal that the court had no jurisdiction of the subject-matter of the action presents no question of the jurisdiction of the person. p. 348.

2. SAME.—*Jurisdiction of Subject-Matter.*—Jurisdiction of the subject-matter of an action means jurisdiction of the class of cases to which the case in question belongs. p. 348.

3. COURTS. — *Jurisdiction.—Contracts.—Insurance.*—Circuit courts have general jurisdiction over contracts, including those of insurance; and jurisdiction of the subject-matter in an action on an insurance policy will be presumed, until the contrary is shown. ·p. 349.

4. JURISDICTION.—*Of Person.—General Appearance.—Answer.*—The filing of an answer to the merits of an action constitutes a general appearance, and is a waiver of the right to question the court's jurisdiction over the person. p. 349. ·

5. SAME.—*Insurance.—Foreign.—Statutes.*—Circuit courts of this State have jurisdiction of the subject-matter of actions·for the enforcement of insurance policies written by foreign companies in other states, §4798 Burns 1908, Acts 1901, p. 375, failing to restrict jurisdiction only to cases in which the insurance was written within this State. p. 349.

6. INSURANCE.—*Contracts.—Construction.*—Insurance policies are construed the same as other contracts. p. 351.

7. SAME.—*Breach of Warranty.—Election.*—The breach of a warranty contained in an insurance policy does not render such policy void, though it so stipulates, but gives the company the right to avoid the same. p. 351.

8. PLEADING.—*Answer.—Insurance.—Election to Rescind.—Tender.*—An answer in rescission of an insurance policy, because of a breach of warranty, which fails to show a tender·of the money received upon such policy, is bad. p. 351.

9. TENDER.—*Bills of Exchange.—Insurance.*—A bill of exchange convertible at any bank does not constitute a sufficient tender, on rescission of an insurance policy, for the return of premiums received thereon. p. 351.

10. TRIAL.—*Verdict.—General.—Answers to Interrogatories.—Conflict.*—Where from a consideration of the facts provable under the issues, the ·answers to the interrogatories to the jury are necessarily in irreconcilable conflict with the general verdict, the answers control. p. 354.

11. INSURANCE. — *Breach of Warranty. — Rescission. — Tender.— Time of.*—Where assured died on August 15, 1903, and proofs of death were furnished September 21, 1903, which proofs apprised the company of facts showing breaches of assured's warranties, a tender of the premiums to assured's beneficiary on November 23, 1905, in rescission of the policy is too late. p. 354.

12. SAME.—*Rescission.—Reasonable Time for.—Question for Jury.*—What is a reasonable time in which an insurance company should elect to rescind its policy for a breach of warranty by assured, is ordinarily a question for the jury. p. 355.

13. TRIAL.—*General Verdict.—Interrogatories.—Breach of Warranty.—Rescission.—Insurance.*—Where the answers to the interrogatories to the jury, in an action on an insurance policy, show that the assured's application contained certain untrue statements ; that the company's agent wrote the application ; that assured made no false answers, and that assured's glass eye, the subject-matter of one alleged breach, was plainly visible to such agent, are not in necessary conflict with a general verdict for the beneficiary, since the agent may have erred in writing the answers in such application, his shortcomings being chargeable to the company. p. 356.

14. INSURANCE.—*Proofs of Death.—Waiver.—Denial of Liability.*—Denial of liability within the time for filing proofs of death constitutes a waiver of such proofs. p. 357.

15. SAME.—*Proofs of Death.—Waiver.—Principal and Agent.*—General agents of insurance companies, or agents clothed with apparent general authority, may waive policy stipulations, though the policy expressly provides that they cannot. p. 358.

16. TRIAL.—*Instructions.—Refusal of.*—Where the case has been fairly submitted, upon full instructions, the refusal to give other instructions, though correct, is harmless. p. 359.

17. EVIDENCE.—*Condition and Facial Expression of Decedent.—Insurance.—Breach of Waranty.*—Where the defense to an action on an insurance policy is a breach of warranty, one of which was that assured falsely warranted that he had two good eyes, evidence of the appearance of his face at death is material as showing whether assured's glass eye was plainly distinguishable to the company's agent at the time of the execution of the policy. p. 359.

18. TRIAL.—*Interrogatories.—Failure of Evidence to Support.—New Trial.*—Where the answers to the interrogatories to the jury are not in necessary conflict with the general verdict, an

assignment in the motion for a new trial, that some of such answers are not supported by the evidence, presents no question. p. 360.

19. INSURANCE. — *Application.—Execution.—Mistakes.*—Where an insurance agent solicited the assured to take a policy, and checked the questions in the application as they walked along, the assured signing such application under the belief that the answers had been truthfully written by the agent, it is a question for the jury, under all of the circumstances, whether false answers therein were made by the assured or by such agent. p. 360.

20. APPEAL.—*Death.—Affirmance.*—Where appellee died after submission and before affirmance, the decision, on appeal, will be entered as of date of submission. p. 361.

From Randolph Circuit Court; *John W. Macy*, Judge.

Action by Nellie Clark against the United States Health and Accident Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*White & Young*, for appellant.
*James W. Brissey* and *John E. Ethell*, for appellee.

MYERS, J.—Appellee, as sole beneficiary under an accident insurance policy executed by appellant to her husband, William E. Clark, brought this action against appellant to recover on that policy. Appellant sought to abate this action by an answer in two paragraphs. The first, on the ground that the court did not have jurisdiction of appellant, the second, upon the theory that the court did not have jurisdiction over the subject-matter of the action. On motion the first of these paragraphs was stricken out. A demurrer to the second was overruled, and a reply in general denial filed. The issue thus formed was tried by the court and determined in favor of appellee. Appellant answered the complaint in seven paragraphs; the first being in denial. A demurrer was sustained to the fifth and sixth paragraphs and overruled to the second, third, fourth and seventh. Appellee replied by a verified general denial, and by a second paragraph directed to the fourth paragraph of appellant's answer. The issues thus joined on the merits of the contro-

versy were submitted to a jury for trial, resulting in a verdict in favor of appellee, and with the verdict the jury returned answers to eighty-one interrogatories. Appellant's motion for judgment on the answers to interrogatories and its motion for a new trial were overruled, and judgment rendered for $672.60.

The errors relied on are: (1) The court has no jurisdiction of the subject-matter of the action; (2) the court erred in sustaining the demurrer to the fifth and sixth paragraphs of answer; (3) the court erred in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict; (4) the court erred in overruling appellant's motion for a new trial.

Appellant, in support of its first assignment, relies upon propositions, in effect, that courts of this state obtain jurisdiction over foreign insurance companies and the subject-matter of the action by virtue of special laws applicable to such companies only, and that the laws relative to foreign companies and corporations regarding service of process do not apply; that, in order to give the courts of this State jurisdiction over the subject-matter of an action, it must appear that the liability for which suit is brought took place in and grew out of the special business to be transacted by such companies doing business in this State. Under this assignment the question of jurisdiction over appellant is not presented. The question is: did the trial court have jurisdiction over the subject-matter of this action? "By jurisdiction of the subject-matter is meant jurisdiction of the class of cases to which the particular case belongs." *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 410. See, also, *McCoy* v. *Able* (1892), 131 Ind. 417. Upon the face of the complaint it appears that appellant, a foreign insurance company, on August 7, 1903, in consideration of a premium then received, executed to William E. Clark a policy of insurance on his life in the sum of $600; that appellee was the sole beneficiary named

in that policy; that appellant agreed to pay said sum in the event said William E. Clark should lose his life by violent, external or accidental means; that on August 15, 1903, said William E. Clark died as the result of injuries received by falling from a scaffold. It also appears that decedent in his lifetime performed all the conditions and stipulations of the contract on his part to be performed. Other allegations are found showing proof of death and a liability from appellant to appellee.

The subject-matter of this action was one of contract, and belonged to a class within the jurisdiction of the court in which the action was brought; and, this being true, it follows that jurisdiction of the subject-matter will be presumed until the contrary is made to appear. By the plea in abatement, the jurisdiction of the court as to the subject-matter of the action was challenged, and on the issue thus raised, the trial court decided against appellant. On that issue no further steps were taken and no question saved for review. A portion of appellent's argument seems to be upon the theory that the court did not have jurisdiction of appellant. This argument is not applicable to the assignment, and, if it were, the filing of an answer to the merits of the cause amounted to a general appearance and gave the court full jurisdiction over the person of appellant. *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 20, and cases there cited; *Williams* v. *State* (1907), 169 Ind. 384. The court having obtained jurisdiction of the parties to the action, and such action being founded upon a demand growing out of the business in which appellant was engaged, and of the class which the court had the right to hear and determine, the fact that the contract sued on was executed in another state will not affect the court's jurisdiction over the subject-matter. By statute it was unnecessary that the claim of appellee should grow out of any business or transaction had by appellant in this State. §4798 Burns 1908, Acts 1901, p. 375.

Appellant has not pointed out any fact in the record, or statutes of this State governing foreign insurance companies, nor do we know of anything which prohibits a court of general jurisdiction, having jurisdiction of the parties, from adjudicating the merits presented by the issues in this cause.

The fifth and sixth paragraphs of answer count upon a breach of warranty as a defense to the action on the policy. The breach averred relates to certain statements of fact regarding the insured's age, vision, medical and surgical treatment. The answer further alleges that appellant was ignorant of the facts so stated in the insured's application for insurance; that such facts were all peculiarly within the knowledge of the insured; that appellant relied upon such statements and was induced thereby to issue said policy; that said policy was issued in consideration of the premiums and of the statements and agreements in the schedule indorsed thereon and made a part thereof, which statements were warranted to be true; that the insured agreed that if any statements in the application were untrue the policy should be null and void; that said statements relative to age, vision, medical and surgical treatment, and so warranted to be true, were false, and known by said insured to be false at the time they were made, and averring wherein such answers were untrue. In addition to the facts common to both paragraphs, it is averred in the sixth paragraph that the insured misrepresented certain facts concerning himself, which were material to the risk; that as soon as appellant discovered that said answers and statements of fact had been misrepresented, and before the bringing of this action, it mailed to appellee a bill of exchange, payable at any bank, for the sum of $5, the same being the premiums paid by the insured on account of said policy; that appellee refused to accept said bill of exchange, and returned the same to appellant. The application, which was made a part of each of these answers, contains many other statements and answers concerning the insured, and about which there is no complaint.

From any facts appearing in either of these paragraphs the contract was one which the parties might lawfully make, but it is not without the rules of law applicable to contracts generally, expressly authorizing a rescission for a breach of warranty. For the breaches averred the contract provides that it shall be void, but by law it is made voidable at the election of the insurer, upon the theory that the warranties are for its sole benefit, and any breach may be waived by it and the contract continued in force. *Masonic, etc., Assn.* v. *Beck* (1881), 77 Ind. 203. Both paragraphs show an election on the part of the insurer to rescind the contract, but they are insufficient for the reason that neither avers facts showing a return or offer to return, by legal tender, the money paid upon the faith of the promised indemnity. *Modern Woodmen, etc.,* v. *Vincent* (1907), 40 Ind. App. 711; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 8 L. R. A. (N. S.) 708; *Aetna Life Ins. Co.* v. *Bockting* (1907), 39 Ind. App. 586; *Supreme Lodge, etc.,* v. *Metcalf* (1896), 15 Ind. App. 135; *Gray* v. *National Benefit Assn.* (1887), 111 Ind. 531; 2 Joyce, Insurance, §1398; *Selby* v. *Mutual Life Ins. Co.* (1895), 67 Fed. 490. It appears that appellant tendered to appellee a bill of exchange for the amount of the premiums received on account of the policy in suit. A bill of exchange is not money in any sense, and is not made a legal tender by any statutory enactment. *Boyd* v. *Olvey* (1882), 82 Ind. 294, 298; *Martin* v. *Bott* (1897), 17 Ind. App. 444, 450; *Goss* v. *Bowen* (1885), 104 Ind. 207. There was no error in sustaining a demurrer to each of these paragraphs.

Appellant insists that its motion for judgment on the answers to interrogatories should have been sustained for the reason (1) that the court had not jurisdiction of the subject-matter of the action; (2) that such answers show a breach of warranty; (3) that final proofs of death were not fur-

nished to the company according to the terms of the policy. The answers material to the questions presented show that the insured signed a written application for insurance; that he correctly stated to appellant's agent his age as thirty-eight years, and it was so stated in the application at the time it was executed; that the application was changed after it was signed; that decedent truthfully answered all questions asked him by appellant's agent; that the insured had no knowledge of any false answers or statements in such application; that the insured had lost the sight of his right eye and was wearing a glass eye at the time he executed the application; that the loss of such eye was plainly noticeable to an ordinary observer; that, by the use of ordinary care, appellant's agent could have known of the defect in decedent's vision; that appellant had actual notice of the insured's death within ten days after it occurred; that final or affirmative proofs of death, as provided in the policy, were waived by appellant's general agent August 16, 1903, by agreeing to secure proofs of death and to forward same to the company; that liability under the policy was not denied for failure to give written notice of death within ten days, or for failure to make proof of death within thirty days from date of death before the commencement of this action; that the written application of the insured was made a part of the policy of insurance, copied on the back of the policy; that said application contained the following statement:

"I hereby apply for a policy of insurance in the United States Health and Accident Insurance Company of Saginaw, Michigan, to be based upon the following statement of facts, all of which I warrant to be complete and true, and I agree, if any of said statements shall be untrue in any respect, then said policy and insurance shall be null and void. * * * I further agree to accept the policy subject to all of its provisions, conditions and limitations, and to pay the monthly premiums of $2 in advance without notice."

The following statements are in the application: "I have

never been ruptured or otherwise injured, or suffered the loss of a limb, or sight of either eye." "My hearing or vision is not impaired." "I have not had any medical or surgical treatment during the past five years except as herein stated." "I have not been disabled by accident or illness during the past five years to exceed in the aggregate .......... weeks." Each of said statements was answered only by check mark. Said policy of insurance contained the following:

"In consideration of the premium, and of the statements and agreements of the schedule indorsed hereon and made a part hereof, which statements the assured makes on the acceptance of the policy and warrants to be true, does hereby insure the person described in said schedule. * * * The terms and conditions of this policy cannot be waived or altered by any agent, nor shall notice to any agent or knowledge of his or any other person be held to effect a waiver or change in this contract or in any part of it. No change whatever in this policy and no waiver of its provisions shall be valid unless an indorsement is added thereto, signed by the president or secretary of the company, expressing such change or waiver. * * * Failure to give written notice to the company at Saginaw, Michigan, within ten days from date of injury or beginning of illness, by reason of which claim is to be made, shall invalidate all claims hereunder. Notice given to any agent shall not constitute notice to the company, unless affirmative proof of loss * * * is furnished to the company at Saginaw, Michigan, within thirty days from date of death. * * * All claims based thereon shall be forfeited to the company."

The answers further show that the insured lost his eye in the year 1890; that he received medical treatment for knife wounds in 1902; that at the time the policy was issued the insured lived in St. Louis, Missouri, and was working on the agricultural building at the World's Fair grounds, and was so living and working when on August 15, 1903, he was killed by a fall from a scaffold; that appellant mailed to ap-

pellee a bill of exchange for $5, that being the sum of all the premiums paid by the insured, which bill of exchange appellee returned to appellant; that the insured died intestate, leaving appellee, his wife, and two minor children; that no administrator was ever appointed to take charge of the assets of the insured; that appellant on November 23, 1905, by order of court, paid to the clerk of the court below $5, the premiums received, for the persons legally entitled to receive the same.

The question presented by this assignment is determined from a consideration of the issues, general verdict, and the facts found by the answers; and, if from such consideration it appear that a material fact so found by the jury is in irreconcilable conflict with the general verdict under the issues, and both cannot stand, it would be error to overrule the motion for judgment on such answers, and render judgment on the general verdict. *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653; *Cleveland, etc., R. Co.* v. *Hayes* (1906), 167 Ind. 454. The first reason in support of this motion is not well taken, as will be seen from our discussion of the first assignment of error.

The second reason in support of appellant's motion for judgment is without merit, even if it be conceded that the answers show a breach of warranty. The answers show that the insured died August 15, 1903. The money received for premiums appellant paid into court November 23, 1905. The record discloses the fact that this action was commenced February 2, 1904. While the answers to interrogatories do not show when the proofs of death were made, or when appellant was apprised of the alleged false answers, yet it does appear from exhibit C, made a part of the fourth paragraph of answer, that this proof was made September 21, 1903, and received by appellant on September 23, 1903, which proofs advised appellant of every alleged breach. In *Horner* v. *Lowe* (1902), 159 Ind. 406, 411, it is said: "But being possessed of the fruits of the

contract as ultimately made, it became necessary for appellee [in this case appellant] to elect as to the status that the transaction should assume.    If he would have accomplished a rescission, it was his duty so to elect with reasonable promptitude, and to return or offer to return whatever of value he had received by the contract.    By an omission to pursue this course he affirmed the contract."    *Selby* v. *Mutual Life Ins. Co., supra,* was a case where the defendant pleaded a breach of warranty in bar of an action on the policy and in passing on the sufficiency of the answer the court uses the following language:    "This answer is defective for the reason that it shows only a right to rescind the contract. A complete defense on the ground of a breach of the warranty could be made only by alleging that the defendant had claimed and exercised its right within a reasonable time, and that there had been an actual rescission of the contract, or at least the answer should disaffirm the contract, and plead a tender of the premiums.    3 Am. and Eng. Ency. Law, 929-932; 2 Parsons, Contracts (7th ed.), *677-*681.    This objection is not answered by saying that the legal representatives of the deceased may recover the premiums, and that the defendant is not required to make a tender to this plaintiff. Conceding that a tender, to be valid, must be made to the legal representative, it is nevertheless essential to a rescission of the contract that the defendant should return, or at least offer in good faith to return, the premiums to whomsoever may be lawfully entitled to receive the same."

In the case at bar, if we may infer that appellant was not aware of the alleged breaches until the proof of loss was furnished, the answers show that it was more than two years after receiving such proof, and about twenty-two months after this suit was brought, before appellant actually returned the money received from the insured on account of the contract in suit.    What is a reasonable time is ordinarily a question of fact, and certainly, in view of this record, it will not do to say, as a matter of law,

that appellant restored the *status quo* "within a reasonable time," or "with reasonable promptitude," when the jury by their general verdict found as a fact that it did not.     See *Fishbeck* v. *Phenix Ins. Co.* (1880), 54 Cal. 422; *Schreiber* v. *German-American Hail Ins. Co.* (1890), 43 Minn. 367, 45 N. W. 708.

Further considering these answers in connection with the alleged breaches and general verdict, and with all reasonable intendments in favor of the latter, we may assume that the evidence under the issues proved that appellant, through its agent at St. Louis, solicited and took from the insured the application upon which the policy in suit was issued.     The general verdict amounts to a finding that the insured made no false answers or statements in this application.     The answers show that the insured truthfully answered all questions asked him by said agent, and that he had no knowledge of any false answers or statements in said application, and that he had lost an eye was plainly noticeable to an ordinary observer.     The jury also find that certain statements found in the application regarding the insured's vision and surgical treatment during the five years next before its execution were not true.     This statement of the record at first impresses one with the belief that there is a conflict between the answers and the general verdict, but upon reflection it will be seen that there is no serious antagonism, and both may be true upon the assumption that the application was actually prepared by the company's agent, who, instead of recording the truth as related to him by the insured, negligently and falsely, and without the knowledge of the applicant, wrote false answers, and, as applied to the insured, permitted false statements to remain in the application, thereby bringing the case within the doctrine announced by the court in *Pickel* v. *Phenix Ins. Co.* (1889), 119 Ind. 291, 297, where it is said:     "An agent, authorized to take applications for insurance, should be deemed to be acting within the scope of his authority where he fills up the

blank application of insurance; and if, by his fault or negligence, it contains a misstatement not authorized by the instructions of the party who signed it, the wrong should be imputed to the company, and not to the assured. *Rawley* v. *Empire Ins. Co.* [1867], 36 N. Y. 550. And when the agent thus authorized by his company to take applications for insurance, without the knowledge of the applicant, writes false answers to questions contained in the application, contrary to the directions of the applicant, who makes true answers to such questions, the company will be estopped by the answers thus written by its agent. *Plumb* v. *Cattaraugus, etc., Ins. Co.* [1858], 18 N. Y. 392, 72 Am. Dec. 526; *Union Mut. Ins. Co.* v. *Wilkinson* [1871], 13 Wall. 222, 20 L. Ed. 617; *American Life Ins. Co.* v. *Mahone* [1874], 21 Wall. 152, 22 L. Ed. 593; *New Jersey Mut. Life Ins. Co.* v. *Baker* [1876], 94 U. S. 610, 24 L. Ed. 268." See, also, *Home Ins. Co.* v. *Sylvester* (1900), 25 Ind. App. 207; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 117, 20 L. R. A. 400; *Rogers* v. *Phenix Ins. Co.* (1890), 121 Ind. 570, 582.

Referring to the third reason, it will be observed that appellant, answering the complaint, averred that appellee failed to furnish final proof of loss within the time required by the policy in suit. To this answer appellee replied, admitting that final proof of loss was not furnished within thirty days, but alleged that on August 16, 1903, appellant had actual notice of such loss, and that by accepting such final proof, without objection, after said thirty-day limit, and by retaining and acting upon the same, and by never refusing to pay said claim on account of such failure to make proof of.loss within the time limit aforesaid, and within thirty days after August 15, 1903, by denying any liability whatever on account of said policy, solely on the ground that the insured attempted to defraud appellant by false and fraudulent answers in his application, thereby waived further notice and final proof of loss. The authorities are numerous, holding that the provision in an insur-

ance contract requiring notice is waived where the insurer repudiates and denies liability under the contract. In *Bowlus* v. *Phenix Ins. Co., supra,* at page 120, it is said: "The elementary principle that where a contract is repudiated, or where a party absolutely denies liability under it, performance of stipulations requiring notice, demand, or the like, are waived, fully applies to contracts of insurance. *Little* v. *Phoenix Ins. Co.* [1877], 123 Mass. 380, 25 Am. Rep. 96." And see *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 3 L. R. A. (N. S.) 966; *Commercial Union Assur. Co.* v. *State, ex rel.* (1888), 113 Ind. 331; *Fidelity & Casualty Co.* v. *Sanders* (1904), 32 Ind. App. 448, 453; *Dwelling-House Ins. Co.* v. *Dowdall* (1896), 159 Ill. 179; *Rokes* v. *Amazon Ins. Co.* (1879), 51 Md. 512, 34 Am. Rep. 323; 16 Am. and Eng. Ency. Law (2d ed.), 937.

Regarding the authority of an agent to waive conditions notwithstanding inhibitions in policies, the rule is well stated in 1 Joyce, Insurance, §439, as follows: "We deduce, however, the rule that the tendency of the weight of authority at the present day is against making restrictions in the policy upon an agent's authority conclusive upon the assured and that the company, or any agent with general or unlimited powers, clothed with an actual or apparent authorization, may either orally, or in writing, waive any written or printed condition in the policy, notwithstanding such restrictions, and many cases apply this rule, even though the policy provides that a distinct specific agreement shall be indorsed thereon, or otherwise prescribes a particular mode of waiver or that only certain persons can waive, and there would be no valid reason why if the agent may waive the restriction in the first case he may not in the latter, for such restrictions are declared to be ineffectual to limit the legal capacity of the company to bind itself by waiving conditions of the policy through an agent acting within the real or apparent scope of his authority. So it is held that although the policy may stipulate that a waiver can

only be established by a written agreement, indorsed on the policy, yet a waiver by acts *in pais* may be shown by parol testimony.'' For the reasons stated, this assignment of error must fail.

The first sixteen reasons in support of appellant's motion for a new trial, in the order presented in appellant's brief, refer to instructions given and instructions tendered by appellant and refused by the court. We have carefully considered these instructions, and as it will answer no good purpose to take the time and space to consider them separately, suffice it to say that many of the points made against the instructions given, and in support of instructions refused, have been considered and decided against appellant's contention under other assignments. Looking to all of the instructions given, we are of the opinion that they fully and fairly inform the jury as to the law controlling this case as presented by the issues and the evidence as given to the jury. True, some of the instructions tendered by appellant might properly have been given, but upon an examination of these instructions it will be seen that they are fully covered by instructions given by the court upon its own motion. As we see this record, the court committed no error in giving or refusing to give instructions for which this case should be reversed.

The seventeenth reason is based upon the ruling of the court in permitting appellee, over appellant's objection, to answer the following question: ''Tell the jury the condition and facial expression of the decedent, William E. Clark, on August 7, 1903.'' The objection urged was that the question did not call for evidence tending to prove or disprove any issue tendered, and because it asked for an opinion of the witness. We think the question fairly considered called for a description rather than an opinion. Appellant by its answers averred that the insured had lost an eye prior to the execution of the application for insurance, that this fact was peculiarly within his knowledge, and

that he had made a false statement regarding his vision. There was no error in this ruling.

The eighteenth reason, so far as it presents any question, is fully covered by the nineteenth, assigning that the verdict is not sustained by sufficient evidence and is contrary to law.. That part of the eighteenth relying on the proposition that the answers to certain designated interrogatories are not supported by sufficient evidence, in view of our disposition of the motion for judgment on the answers to interrogatories, presents no question for decision. *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642; *Scott* v. *Collier* (1906), 166 Ind. 644.

In support of the nineteenth reason appellant says: "The evidence shows certain of said answers and statements to be wholly false and untrue, therefore the policy of insurance is null and void." It appears from the evidence that one of appellant's agents on August 6, 1902, at the World's Fair grounds in St. Louis, Missouri, during the noon hour, and while W. E. Clark, the insured, with five or six others were eating dinner, obtained from him an application for a policy of insurance; that the agent wrote up the application for the company, wrote the answers to the questions in the application, and made check marks to the statements; that said agent, testifying on behalf of defendant, was asked the question: "What do these check marks indicate?" To which question appellee objected, and the court announced that "the check marks could not bind the applicant unless they were explained to him. The objection was sustained." Appellant did not further pursue this subject. The agent, being asked to give the conversation that took place between Clark and himself, said: "As we went along, the question and then the answer would be given." And the evidence shows that on completion of the answers the application was handed to Clark, and he signed it. The application was later, by said agent, delivered to Mr. Delaplane, of St. Louis, who, on behalf of the company, issued

the policy, and the same was delivered to Clark on August 7, 1903, and a premium of $5 collected from him. From all of the evidence before the jury they might reasonably have inferred that Clark had no actual knowledge of the contents of either the application or the policy, from personal inspection or by reading the same, and in making up the application he relied solely upon said agent, who failed to call the applicant's attention to all the statements, or negligently checked the statements without reading the same. The age of the insured stated in the application being in dispute by reason of the uncertainty of the figures, whether twenty-eight or thirty-eight, was a question for the jury, thirty-eight being the applicant's true age. Looking to all of the evidence as disclosed by the record, and keeping in mind that its weight was wholly within the jury's province, we are of the opinion that it was sufficient to support the verdict. Having considered all the assignments of error argued by appellant and finding no reversible error, the judgment is affirmed.

Its having been suggested that the appellee has died since the submission of this cause, the judgment on appeal is ordered entered as of the date of submission.