## WOODWARD v. CRUMP.

### (*Knoxville.* October 1, 1895.)

MORTGAGE. *Distinguished from pledge. Registration.*

An assignment of all benefits to accrue from a rent contract providing for the payment of a portion of the grain to be grown on a farm, constitutes a mortgage, not a pledge, as to a crop planted but not grown at the time of its execution, and registration thereof is essential to make it available against creditors of the assignor, who levy upon his interest therein before severance and delivery of the rents.

---

### FROM HAMBLEN.

---

Appeal in error from Circuit Court of Hamblen County. W. R. HICKS, Judge.

JAMES G. ROSE and WASHBURN, PICKLE & TURNER for Woodward.

J. F. LAFFERTY and SHIELDS & MOUNTCASTLE for Crump.

WILKES, J. This cause was heard in the Court below, upon an agreed statement of facts, and judgment was rendered for defendants, and plaintiffs have appealed to this Court, and assigned errors. The whole

24—11 P

controversy arises out of the assignment of a written contract between Paulett & Lotspeich as lessors, and Fred Scruggs and Eliza J. Scruggs as lessees, by which the lessees were to pay the lessors one-half of all grain grown on a certain farm for the year 1893, and when the grain is gathered they are to haul the lessors' part to them at their own expense, etc. On June 1, 1893, while the crop was in cultivation, but before it was matured or grown, Paulett & Lotspeich, by a paper writing, placed the said rental contract in the hands of J. C. Woodward, and assigned the same to him as collateral security for a note for $600 for the benefit of the State National Bank of Knoxville. The paper writing uses this language: "We hereby assign to James C. Woodward, for the benefit of the State National Bank of Knoxville, all the right, title, and benefit to accrue to us from said rent contract, and hereby authorize him to proceed to take charge of the interest we have under said contract, without further notice to us, it being distinctly understood that if we duly pay off the note for which this is given, and all interest and attorney's fees, then shall this contract be surrendered, otherwise it shall remain in full force and effect for the benefits above recited."

Defendant, Crump, November 3, 1893, recovered a judgment before a Justice of the Peace for $52.50 against Lotspeich, one of the lessors, and levied an execution November 22, 1893, on the interest of Lotspeich in the crop of corn then standing in the

fields of the lessees, and the contest is now between the bank and Woodward for it, and the execution creditor, Crump, as to their priorities against the corn, which was afterwards gathered and cribbed to await the result of this suit.

The whole controversy turns upon the question whether the assignment of the lease contract is a pledge or mortgage. If the former, it need not be, and if the latter it must be, registered to be valid as against creditors. Without passing on other questions, we are of opinion that the transaction in this case was not a pledge, and, not being registered, cannot avail as a mortgage against creditors of the grantor.

The assignment was made on June 1, 1893. At that time the corn was planted, but not grown. The grantor himself, at that time, could not pledge it, as he could not deliver it. The paper writing given to Woodward did not assume to deliver the interest of Lotspeich, but only stipulated for delivery in the future, and its only effect was to give the assignees the right to take possession at a future date. A mere executory agreement to deliver possession is not a delivery, either actual or symbolical. 18 Am. & Eng. Enc. L., 596, note.

This is a case of future property, that is, of a crop planted, but not yet grown, and incapable of delivery. It cannot be effectual until it actually comes into existence and is separated and delivered. Jones on Pledges, Sec. 31. Until then, it is a

mere executory agreement, good, it may be, between the parties, but not as against creditors.    18 Am. & Eng. Enc. L., 596, note.

We think there is no error in the judgment of the Court below, and it is affirmed with costs.