[No. 1881. Decided March 3, 1896.]

THE BELLINGHAM BAY BOOM COMPANY, *Respondent,* v. J. B. BRISBOIS *et al., Respondents,* BLACK & LEAMING, *Appellants.*

ASSIGNMENT OF CHOSE IN ACTION — NOTICE TO GARNISHEE.

Notice to the debtor of an assignment of a chose in action, before the service of notice of garnishment upon him for a debt of the assignor, is not essential to the protection of the assignee; but the garnishee, upon subsequent notice of the assignment, is bound to bring it to the attention of the court; and if he fails so to do,

neither a subsequent voluntary payment to his creditor or the garnisher, nor a judgment against him as garnishee, will be available as a defense to an action against him by the assignee.

The deposit in court by a garnishee defendant of the amount due from it on a judgment to the principal defendant without including the interest entitles it to only a *pro tanto* discharge in the garnishment proceeding.

Appeal from Superior Court, Whatcom County— Hon. JOHN R. WINN, Judge. Reversed.

*Black & Leaming,* for appellants.

*Newman & Howard,* and *Kerr & McCord,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—There is practically no question as to the facts in this case. They are these:  On June 6, 1891, the respondent, the Citizens' Bank of Fairhaven, recovered a judgment against J. B. Brisbois, in the superior court of Whatcom county, for the sum of $1,818.75, together with costs and attorney's fees. Some time during the same year the said Brisbois instituted an action against the Bellingham Bay Boom Company to recover the amount alleged to be due and owing to him on account of money advanced and labor performed for and at the instance of the defendant.  In that action the appellants, Black & Leaming, were attorneys for Brisbois, and one T. G. Newman was attorney for, and secretary of, the boom company.  During the pendency of that case, and on September 1, 1892, Brisbois duly assigned in writing the account sued on to Black & Leaming, as collateral security for the payment of $1,000, which he then owed them.  Thereafter, and on or about September 12, 1892, the parties to that action, by their attorneys, undertook to settle the matters in controversy between them, but no agreement was consummated at that time.  Subsequently, however, and on September 15,

1892, a compromise of the case was effected, in pursuance of which a judgment was entered in favor of the plaintiff, Brisbois, and against the defendant boom company, for $900 and costs.   On the same day Brisbois executed an absolute assignment of the judgment to Black & Leaming, in full satisfaction of his indebtedness to them, which assignment was filed with the judgment in the office of the clerk of the court. Prior to the compromise and entry of judgment, and on September 12, 1892, the Citizens' Bank caused an execution to be issued on its judgment against Brisbois, and placed in the hands of the sheriff, who, pursuant thereto, served a notice of garnishment on Mr. Newman, secretary of the boom company.   After the rendition and entry of the judgment in the case of Brisbois against the boom company, and the filing of the assignment thereof to appellants, but on the same day, Mr. Newman made a return to the garnishment, stating that the boom company was indebted to Brisbois in the sum of $900.   This return was handed to the attorneys of the bank, and was by them delivered to the sheriff, but the sheriff did not then, or at any other time, demand payment of the debt to him. No judgment was entered against the garnishee, nor did it pay the amount of the Brisbois judgment, or any part thereof, to the bank.   The sheriff held the execution until November 3, 1892, at which time he returned it, together with the answer to the notice of garnishment, to the clerk of the court.

At the time the Brisbois suit was settled and judgment therein entered and assigned to appellants, the latter were not aware of the fact that the indebtedness of the boom company to Brisbois had been garnished by the bank.   Neither was the boom company cognizant of the fact that Brisbois had previously

assigned his claim against it to appellants. After appellants were informed of the service of the garnishment on the boom company at the instance of the bank, they, on or about October 17, 1892, notified the boom company in writing that they were the owners of its indebtedness to Brisbois, by virtue of an assignment dated September 1, 1892, and that they would hold it for the judgment in any event, and directed it not to pay the same to the Citizens' Bank. The boom company, finding that the debt due from it to Brisbois was claimed both by the Citizens' Bank and by appellants, and believing that it could not without risk to itself determine to which of the claimants it should pay the debt, and disclaiming all interest in the fund, on October 18, 1892, filed its complaint of interpleader, paid the $900 into court and asked to have the rights of the respective claimants determined and to be relieved from all costs that might accrue in the action. The defendants, the Citizens' Bank and Black & Leaming, filed their answers and cross-complaints, setting forth their respective claims. Upon the facts, as above stated, the court made a decree, adjudging the bank to be entitled to the money and discharging the boom company from the judgment against it, whereupon the defendants Black & Leaming appealed.

The right of Brisbois to assign his account and judgment against the boom company, either absolutely or as security for the payment of his debt, is not denied, or even questioned, by the learned trial court. The judgment seems to have been based solely upon the proposition that, under the law, appellants were precluded from asserting their rights against the garnishee, because no notice of the assignment was given to it before the service of the notice of garnishment. There is nothing in the law respecting garnishment

or attachment preventing a creditor from assigning
in good faith and for a valuable consideration any
debt which may be due to him, and, under our statute,
the assignee of the debt may maintain an action in
his own name against the debtor, even though the as-
signor may have an interest in the debt assigned.
Code of Procedure, § 145.    It is true that the statute
provides that debts and credits are subject to attach-
ment and garishment (Code Proc., §§ 300, 305, 306 and
523), but if the debt sought to be garnished is not, at
the time, in fact due and owing from the garnishee to
the attachment or judgment debtor, it necessarily fol-
lows that there is nothing upon which the writ can oper-
ate, unless it be true, as some courts have held, that an
assignment is of no effect as to third persons until notice
thereof is given to the garnishee.    The garnisher can
get no better right to the debt garnished than his
debtor has, and if the latter has no right in or to the
debt, the former acquires none by his garnishment.

We think an assignment of a chose in action in
good faith and for value, and with no intent to hin-
der, delay or defraud creditors or subsequent pur-
chasers, is complete and effectual as against third per-
sons, upon its execution and  delivery to the assignee,
and does not acquire any additional force or validity
by notice to the debtor.    But, as between the assignee
and the debtor, notice to the latter of the assignment
is necessary in order to charge him with the duty of
making payment to the assignee, for if in the absence
of notice, he pay the debt either to the original credi-
tor or the creditor of such creditor, " proceeding by
garnishment," he will be exonerated from paying it
again to the assignee.    The garnishee in some re-
spects occupies the position of a trustee, and is bound

to protect, by legal and proper means, the rights of all parties to the chattels or credits attached in his hands ; and if he receive notice of the assignment in time to bring it to the attention of the court, it is his duty to do so, and if he fail so to do, neither a subsequent voluntary payment to the creditor or garnisher, nor a judgment against him as garnishee, will be available as a defense to an action against him by the assignee.    The boom company substantially discharged its duty in this respect by filing its complaint of intervention and bringing all interested parties before the court, and the question now is whether it is discharged from the judgment against it held by appellants.    We think we are justified by the authorities in concluding that it is not.    The law concerning the rights and duties of garnishees is stated by Judge Drake as follows :

" The assignment of a debt evidenced by bond, bill or note, is complete by the assignment of the bond, bill or note, without notice to the debtor ; but as to *choses in action* not so evidenced, such, for example, as book accounts, or debts due by judgment, in order to a valid assignment of them, as against an attaching creditor, there must be notice to the debtor.    If, therefore, one indebted in such form be summoned as garnishee of his creditor, and have received no notice of an assignment of his debt, a judgment rendered against him as garnishee will protect him from subsequent liability to an assignee.    If he have received information of an assignment, it is his duty, in answering, to state that fact, so as to guard the rights of the assignee, but more especially his own ; for if he fail to do so, and judgment go against him as a debtor of the assignor, it will afford him no protection against a suit by, and a second payment to, the assignee. . . .    The obligation of the garnishee to state in his answer the fact of his having received information of an assignment of the debt is not dis-

pensed with by the fact that the assignee knew of the garnishment, and might have intervened and asserted his right to the money.  .  .  .    An assignment of a debt will protect the rights of the assignee from a subsequent attachment against the assignor, though no notice may have been given to the debtor before the attachment, if it be given in time to enable him to take advantage of it before judgment against him as garnishee.    And it is his duty, at any time before such judgment, to make such notice known to the court; failing in which, the judgment will avail him nothing as a defense against an action by an assignee of the debt."    Drake, Attachment, (7th ed.), §§ 607, 607a, 608.

In 2 Wade on Attachment, § 472, it is said :

" Nor is it essential, in order to bind the debtor, that he should have received notice of the assignment of a chose in action prior to the service of summons in garnishment, nor even that he should be so notified prior to his answer in the proceeding.    When he is notified after answering, that notes which he admitted owing defendant were assigned before garnishment, it becomes his duty to amend his answer, at any time prior to judgment, so as to bring such assignment to the attention of the court; and, in case of failure to do so, he will not be protected by the judgment against an action by the assignee."

The same general doctrine is affirmed in the following cases :  *Hardy v. Hunt,* 11 Cal. 343 (70 Am. Dec. 787); *Walling v. Miller & Co.* 15 Cal. 38; *Dix v. Cobb,* 4 Mass. 508; *Smith v. Clark,* 9 Iowa, 241; *McGuire v. Pitts,* 42 Iowa, 535; *Walters v. Washington Ins. Co.,* 1 Iowa, 404 (63 Am. Dec. 451); *Muir v. Schenck,* 3 Hill, 228 (38 Am. Dec. 633); *Williams v. Pomeroy,* 27 Minn. 85 (6 N. W. 445); *Copeland v. Manton,* 22 Ohio St. 398; *Smith v. Sterritt,* 24 Mo. 260; *Northam v. Cartright,* 10 R. I. 19; *Tiernay v. McGarity,* 14 R. I. 231; *Lee v. Robinson,* 15 R. I. 369 (5 Atl. 290); *Ives v. Addison,* 39

Kan. 172 (17 Pac. 797); *Bholen v. Cleveland,* 5 Mason, 174; *Thayer v. Daniels,* 113 Mass. 129; *Fairbanks v. Sargent,* 104 N. Y. 108 (56 Am. Rep. 490, 9 N. E. 870); *Wood v. Partridge,* 11 Mass. 488; *Batchellor v. Richardson,* 17 Or. 334 (21 Pac. 392).

Some cases are cited by respondents which hold that, as to attaching creditors and subsequent purchasers, it is essential to the validity of an assignment of a chose in action that notice should be given to the debtor before the attachment is levied or the sale made. This rule, it is said, is but the application to assignments of the principle which renders void as to attachment creditors and subsequent purchasers, without notice, sales of personal property, when not accompanied by delivery and followed by an actual and continued change of possession. It seems to us that these cases lose sight of the fact that no *bona fide* sale or assignment is void as to creditors, or any other persons, unless so declared by law. Our own statute provides (Gen. Stat., § 1454), that no bill of sale for the transfer of personal property shall be valid as against existing creditors or innocent purchasers, where the property is left in the possession of the vendor, unless the bill of sale be recorded in the auditor's office in the county in which the property is situated, within ten days after such sale shall be made. But that section evidently refers to tangible property which may be taken possession of by the buyer, and not to such property as accounts and judgments, mere things in action, which may be assigned but not delivered or possessed according to the common understanding of those terms. The legislature has simply said to buyers of personal property capable of being delivered, either take possession or record your bill of sale within ten days, or your property will be held

subject to the claims of creditors and subsequent purchasers. But it has not yet said that no assignment of a chose in action shall be valid as to creditors or innocent purchasers unless recorded or notice thereof be otherwise given to such persons; and, in the absence of such a declaration, we do not think we ought to depart from what we deem the better doctrine, on account of any supposed analogy between ordinary bills of sale and assignments of choses in action.

The judgment of the court below is reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and DUNBAR, GORDON and SCOTT, JJ., concur.

### ON PETITION FOR RE-HEARING.

*Per Curiam:*—It has been suggested that it appears uncertain from the opinion heretofore filed herein whether it was the intention of this court to reverse in whole or in part that portion of the judgment and order of the court below discharging the Boom Company from all liability upon the judgment in favor of Brisbois; and we are asked by counsel to grant a rehearing of the cause and to modify or supplement the opinion now on file so that there may be no doubt as to the present status of the company.

The writer of the opinion, having especially in mind the determination of the controversy between the appellants and the Citizens Bank in regard to the ownership of the fund in court, and which was the principal, and should have been the only, controversy in the case, inadvertently omitted to indicate with precision the conclusion of the court as to the propriety of that part of the judgment which particularly concerns the Boom Company; and that being so we deem it proper, with-

out further argument, to so express our views on that question that they may be no longer misunderstood.

We said in our original opinion that the Boom Company was not entitled to be discharged from the judgment against it held by appellants, and we did so because it appeared that it had not paid the whole amount conceded to be due thereon into court. The proof shows that the respondent company, by reason of inadvertence on the part of its secretary, failed to deposit in the court the interest included in the judgment against it, and which amounted to about $21.80. It was therefore entitled to be released from its liability thereon only to the extent of the amount actually deposited, viz., $900, and not entirely, as the court adjudged.

There was some controversy as to whether the plaintiff had invoked the proper remedy, but we were, and still are, of the opinion that it had a right, under the statute, to maintain an action of interpleader. And the only object of this action was to have the rights and claims of the respective defendants in and to the indebtedness of the plaintiff " adjudged, determined and adjusted," in accordance with Sec. 153 of the Code of Procedure. The plaintiff acknowledged its indebtedness on the judgment, disclaimed all interest therein and proposed and undertook, pursuant to Sec. 154, to deposit the whole thereof with the clerk of the court, and thus relieve itself from vexatious litigation and the payment of costs. It was perfectly willing to pay its debt to the party legally entitled to receive it, and it would have been interested in the litigation only to the extent of ascertaining such party, if it had paid the whole of such indebtedness into court as, it seems, it intended to do. If it had asked leave to deposit the balance due, on discovering the mistake, such request would no doubt have been

granted, and the present difficulty avoided, as no one could possibly have been injured thereby. All the successful claimant can obtain, in any event, is the amount which was due from the plaintiff at the commencement of the action, and all that the plaintiff need do now in order to obtain the full benefit of the judgment in its favor and a complete discharge from the indebtedness in question, is to deposit with the clerk the balance due and unpaid at the time the $900 was deposited. If such deposit is made within ten days after the remittitur is received and filed, the judgment as to the Boom Company will be affirmed; but if not, it will be reversed and set aside, and the court below will enter a judgment discharging and releasing said company to the amount of $900. No costs will be taxed against the company.

The controversy between the other parties to the action has already been disposed of and nothing further need be said concerning it.