[No. 13452.  *En Banc.*  August 17, 1917.]

HARRY C. HEERMANS, *Appellant*, v. F. G. BLAKESLEE, *Respondent.*[1]

CHATTEL MORTGAGES—ASSIGNMENTS—CONSTRUCTION—CHOSE IN ACTION.  An assignment of the "present and future earnings and income" of a water works company, "as security for payments and advances" is simply an assignment of a chose in action and not a chattel mortgage, and need not be accompanied by an affidavit of good faith or recorded as required by Rem. & Bal. Code, § 3660 (overruling on rehearing, *Id.*, 93 Wash. 595).

CHATTEL MORTGAGES—PROPERTY SUBJECT—CHOSE IN ACTION.  Rem. Code, § 3659, providing that chattel mortgages may be made "upon all kinds of personal property" refers to tangible property that may be taken into possession and not intangible property such as accounts and income and things in action (overruling on rehearing, *Id.*, 93 Wash. 595).

GARNISHMENT—PRIORITY—ASSIGNMENTS—RIGHTS OF ASSIGNEE—ACTIONS—COMPLAINT.  Where a water company, as security for advances, assigned one-half of its water receipts and earnings, retaining one-half for its own use to apply on operation and maintenance expenses, and thereafter a creditor obtained a judgment on account of goods sold subsequent to the assignment and garnisheed certain receipts and income of the company, the assignee cannot claim a right superior to the garnishment or seek an accounting without showing that the writs of garnishment were levied upon more than half of the receipts and income.

FULLERTON and CHADWICK, JJ., dissent.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered March 13, 1916, dismissing an action for an accounting, upon sustaining a demurrer to the complaint.  Affirmed.

*Frank C. Owings* and *Thos. L. O'Leary*, for appellant.

*Thomas M. Vance* and *Chas. D. King*, for respondent.

*Hughes, McMicken, Ramsey & Rupp, Peters & Powell, Kerr & McCord, Cullen, Lee & Matthews*, and *Bausman, Oldham & Goodale* (*Walter L. Nossaman*, of counsel), *amicus curiae.*

[1]Reported in 167 Pac. 128.

ON REHEARING.

MOUNT, J.—The original opinion in this case may be found in 93 Wash. 595, 161 Pac. 489. We there affirmed the judgment of the lower court upon the ground that the contract in question was, in substance, a chattel mortgage, and because the same was not accompanied by an ·affidavit of good faith and was not acknowledged and recorded, we held that it was void as a chattel mortgage, and for that reason, affirmed the judgment. A petition for a rehearing was afterwards granted, and the case was argued to the court sitting *En Banc*. A majority of the judges are now of the opinion that the contract here in question is simply an assignment of a chose in action and not a chattel mortgage, and that Rem. Code, § 3659, refers to tangible property which may be taken into possession and not to intangible property, such as accounts and mere things in action which may not be taken into actual possession. *Bellingham Bay Boom Co. v. Brisbois*, 14 Wash. 173, 44 Pac. 153, 46 Pac. 238.

The facts are fully stated in the former opinion and need not be restated here. The contract is there sufficiently set out. It purports upon its face to be an assignment of all the earnings and income from sales of water and from service performed as a water company which shall become due and payable on or after January 1, 1915. The contract then recites that the creditor (the appellant Heermans) constitutes the debtor (the Washington Public Service Company, which we shall call the water company), his agent to collect and receipt for all the earnings and income by the contract assigned, and the creditor (Mr. Heermans) agrees that if, on each day on which such collections are made until the debt is fully paid, the water company shall pay to Mr. Heermans one-half of the income and earnings collected on that day,

". . . and if the debtor shall perform and observe those agreements on its part hereinafter contained, the debtor may retain the remaining one-half of each such day's collections for its own use, freed from all liens hereby created and

freed from all liability to account to the creditor therefor as his agent.

"And further in consideration of the premises the debtor agrees with the creditor that the remaining half of its collections reserved to the debtor by any of the provisions of this agreement shall be by it promptly applied to the expense of operating and maintaining its water plant in Olympia (with such minor additional service connections and other additions as may be necessary to keep the plant in proper condition for service), including in such expense of operation and maintenance a monthly salary list not exceeding $515, . . ."

We shall assume, for the purposes of this case, that this contract is simply one of assignment; that the future earnings and income of the water company had a potential existence capable of assignment; and also that the water company had the power to make the contract of assignment. It is plain from a consideration of the contract, as hereinabove stated, that it was the intention of the parties that but one-half of the earnings and income were assigned to Mr. Heermans. The contract states:

"The debtor hereby assigns to the creditor all such present and future earnings and income from sales of water . . ."

It then provides that the debtor (the water company) shall collect the revenues earned and shall pay one-half thereof to Mr. Heermans, and that, if it shall perform those agreements, it may retain the remaining one-half for its own use, freed from all liens hereby created. The contract then provides that this one-half so retained by the water company shall be applied to the expense of operating and maintaining its water plant with service connections and additions necessary to keep the plant in condition, including in such expense of operation and maintenance a salary list not exceeding $515. So it is apparent that but one-half of the income of the water company is assigned to Mr. Heermans. The complaint shows the respondent furnished goods, wares, and merchandise to

the water company after the date of this assignment, and obtained a judgment for some $1,300 against the water company. Certain users of the water were garnished, and the money owing by these users was paid into court and afterwards taken down by the respondent in part satisfaction of the judgment. The complaint nowhere shows the amount of income of the water company, and it does not show that more than one-half of the income of the water company has been taken upon the judgment, or has been affected by the garnishments which the respondent has levied. The complaint shows that no specific items were assigned. The assignment was one-half "of all the earnings and income." The complaint alleges that the suing out of the writs of garnishment is impairing appellant's contract of assignment and impairing his said security, but we find no allegations in the complaint to support these conclusions of law. Since the contract of assignment was an assignment in effect of one-half of the income of the water company, then, before the security of the appellant could be impaired, it was necessary to set out facts which would show that the particular sums garnished were the property of the appellant, or that the respondent, in issuing writs of garnishment, was taking more than one-half of the income assigned by the water company to the appellant. Since the complaint does not show these facts, it is clearly insufficient to base a cause of action upon for an accounting, or for an injunction to restrain the respondent from collecting his judgment against the water company. The water company was authorized by the contract of assignment to purchase materials to keep the water plant in repair and operation. It was also authorized to pay its salary list, not exceeding $515 per month, and to use one-half of the income for these purposes for its own benefit. A judgment creditor who furnished goods, wares, and merchandise for the use of the water company, or one employed at a salary, would clearly be authorized, after judgment, to

garnish the debtors of the water company to the extent of one-half of the earnings and income.

We are satisfied that the complaint failed to state a cause of action, and that the lower court properly sustained the demurrer.

The judgment is therefore affirmed.

ELLIS, C. J., MAIN, MORRIS, HOLCOMB, and WEBSTER, JJ., concur.

PARKER, J., concurs in the result.

FULLERTON and CHADWICK, JJ., dissent.