[No. 17553. Department Two. April 27, 1923.]

FARMERS STATE BANK, *Respondent,* v. HENRY SCHEEL, *Defendant,* MOLLIE SHOWERS, *Appellant.*[1]

CHATTEL MORTGAGES (3-5, 12)—PROPERTY SUBJECT—ASSIGNMENT OF LEASE—NECESSITY FOR AFFIDAVIT AND RECORDING—STATUTES. The assignment for a leasehold interest to secure a debt is in effect a chattel mortgage upon a tangible interest which the assignee may take into his possession; and is void as to creditors of the mortgagor unless accompanied by the mortgagor's affidavit of good faith and unless it is acknowledged and filed within ten days of its execution, under Rem. Comp. Stat., § 3780.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered March 25, 1922, upon findings in favor of the plaintiff, in an action to determine the priority of claims under an assignment of a lease, tried to the court. Reversed.

*W. O. Lewis,* for appellant.

*Samuel P. Weaver,* for respondent.

PEMBERTON, J.—The defendant, Henry Scheel, is indebted to the respondent, the Farmers State Bank, in the amount of $880, upon a promissory note dated January 20, 1921. On March 19, 1921, defendant executed to respondent an assignment of lease covering

[1]Reported in 214 Pac. 825.

certain lands he was then farming, containing the following provisions:

"This assignment is intended to secure the payment of the sum of Eight hundred Eighty Dollars, with interest thereon at the rate of 10 per cent per annum from date until maturity, after maturity, twelve per cent per annum, according to the terms of a certain promissory note dated Jan. 20, 1921, and payable at the office of the Farmers State Bank, Sprague, Washington.

"That the parties of the first part hereto agree to carry out and perform all the conditions of the said lease, and in the event of their failure to do so, they herewith make, constitute and appoint the party of the second part their true and lawful attorney, irrevocable in their name or otherwise, to perform all the conditions and convenants of the said lease, and to receive all the money or property due the parties of the first part hereto under the terms of said lease, and in case of settlement under the terms of said lease to discharge the owner of the land covered by the said lease as fully as the said parties of the first part might or could do if these presents were not made."

Thereafter the defendant performed certain work in summer-fallowing the land held under the lease, amounting to $1,082, and assigned the same to Mollie Showers, appellant, to secure the amount due appellant for services rendered as his house-keeper during the years 1921 and 1922. The present action was instituted by respondent to enforce its claim to the amount under the assignment of the lease agreement. Appellant claims said sum under the terms of her assignments, which were duly recorded, and upon an adverse holding appeals this case.

The question to be determined is whether or not the respondent, under the assignment of the lease, is entitled to the amount due for summer-fallowing, or

whether it belongs to appellant under her assignments.

Appellant claims that an assignment of a lease is in law a chattel mortgage, and unless it is supported by an affidavit of good faith and filed for record it is void under §§ 3779, 3780 and 3781, Rem. Comp. Stat.

The trial court, in paragraph V of the findings of fact, found as follows:

"That on March 19, 1921, while the said Henry Scheel was in possession of the said real estate, and farming the same, he made, executed and delivered to the plaintiff, a written assignment of his lease on the said real estate hereinbefore described. That the said assignment was executed and delivered to the plaintiff as security for the promissory note dated January 20, 1921."

The fact that this assignment was given to secure an indebtedness determines its status as a mortgage.

"The instrument referred to stated on its face that it was given to secure the payment of the note, and that fixed its status as a mortgage, and not an absolute assignment or transfer of the property." *Thatcher v. Jeffries,* 91 S. W. (Tex.) 1091.

"Where a lessor leased a farm for one-half of the grain to be grown thereon, and after the crop was sown, but before it matured, the lessor assigned the rent contract as collateral security for the payment of a note, such assignment is a mortgage, and must be recorded, to be valid against creditors of the lessor." *Woodward v. Crump,* 95 Tenn. 369, 32 S. W. 195.

"If the transaction amounts to a sale or chattel mortgage, filing and recording may be necessary under statutes requiring sales and chattel mortgages to be recorded, where the vendor or mortgagor remains in possession." 5 C. J. 908.

Respondent contends that the provisions of the law requiring chattel mortgages to be filed refer to tangible property alone, and that a lease agreement is an intangible interest in property and therefore does not

come within the chattel mortgage provisions referred to. In support of this contention respondent presents the following authorities. *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238; *Heermans v. Blakeslee,* 93 Wash. 595, 161 Pac. 489; 97 Wash. 647, 167 Pac. 128. In the case last referred to, the court made the following statement.

"A majority of the judges are now of the opinion that the contract here in question is simply an assignment of a chose in action and not a chattel mortgage, and that Rem. Code, § 3659, refers to *tangible property* which may be taken into possession and not to *intangible property, such as accounts and mere things in action which may not be taken into actual possession.*"

Section 3779, Rem. Comp. Stat., provides:

"Mortgages may be made upon all kinds of personal property,   .   .   .   and upon growing crops and upon crops before the seed thereof shall have been sown or planted: Provided, that the mortgaging of crops before the seed thereof shall have been sown or planted, for more than one year in advance, is hereby forbidden, and all securities or mortgages hereafter executed on such unsown or unplanted crops are declared void and of no effect, unless such crops are to be sown or planted within one year from the time of the execution of the mortgage."

The law provides that all kinds of personal property may be mortgaged. While there are certain intangible interests that may pass by assignment, we are satisfied that a leasehold interest in real estate is a tangible interest that the assignee may take into his possession.

Were we to hold, as contended by respondent, that a contract of lease may be assigned to secure the payment of an indebtedness without complying with the law providing for the filing of chattel mortgages, such holding would practically nullify the provisions of our

law with reference to the mortgaging of crops. By taking an assignment of a lease agreement for a term of years a creditor could secure his claim upon a crop the seed for which had not been sown.

For the protection of creditors the law renders void secret arrangements between the mortgagor and mortgagee. Section 3780, Rem. Comp. Stat., provides:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and encumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law."

The respondent having failed to comply with the provisions of the statute, and having failed to take possession of the leased property, its assignment of lease is void as to the claim of appellant, a creditor of defendant.

The judgment of the trial court is reversed, with directions to enter judgment in accordance with the views herein expressed.

FULLERTON, TOLMAN, and BRIDGES, JJ., concur.