(No. 6073.  February 23, 1935.)

GEM STATE LUMBER COMPANY, a Corporation, Plaintiff and Appellant, v. GALION IRRIGATED LAND COMPANY, a Corporation, Defendant and Respondent, (FIRST SECURITY BANK OF BOISE, a Corporation, Intervenor and Respondent).

[41 Pac. (2d) 620.]

Ray D. Agee, for Plaintiff and Appellant.

Porter & Witham, Rayborn & Rayborn and Chapman & Chapman, for Intervenor and Respondent.

SUTTON, D. J.—The controversy presented by this appeal is between the plaintiff and appellant Gem State Lumber Company and the intervenor and respondent First Security Bank of Boise. The issues of law between those parties and the facts upon which the issues are to be determined are comparatively simple. However, in order to understand those issues and facts a somewhat detailed statement seems necessary.

The defendant Galion Irrigated Land Company is an Idaho corporation which owns a farm of 160 acres in Twin Falls county, the First Security Bank of Boise having a second real estate mortgage on one portion of said farm and a chattel mortgage upon the crops grown and to be grown thereon during the year 1931 and 1932, and the First National Bank of Filer, Idaho, having a second real estate mortgage upon the other portion of said farm and a chattel mortgage upon the crops to be grown thereon during the years 1931 and 1932, the respective first real estate mortgages being held by parties not involved in this litigation.

The plaintiff is the owner and holder of the defendant's promissory note dated December 10, 1931, in the sum of $1,899 and its promissory note dated January 6, 1932, in the sum of $103, both of which were due at the time of the commencement of this action on November 14, 1932.

On March 2, 1932, by an instrument in writing the defendant, after previous agreement with the two banks, leased said farm to one Roy Wood for the term beginning March 1, 1932, and ending March 1, 1933, in consideration of the sum of $160 cash and the further sum of $2,090 to be paid November 1, 1932. The written lease, in addition to the usual provisions found in such instruments, contained provisions which were intended to make the instrument not only a lease but a chattel mortgage, and it was executed in the manner chattel mortgages are by law required to be executed, and it was on March 4, 1932, filed for record in the office of the county recorder of Twin Falls county as a chattel mortgage, where it remained up to and including the date of trial. On March 4, 1932, the defendant by an instrument in writing designated "Assignment of Lease and Crop Mortgage" assigned all its right, title and interest in and to the aforementioned lease to the First National Bank of Filer, and said assignment together with a copy of said lease was delivered to said bank on March 4, 1932, which said assignment was not placed of record until November 16, 1932. Thereafter on December 3, 1932, by an instrument in writing the First National Bank of Filer, Idaho, assigned all its interest in said lease to the intervenor First Security Bank of Boise, Idaho.

On November 14, 1932, plaintiff commenced this action against the defendant to recover judgment upon the two promissory notes of defendant held by it and caused a writ of attachment to be issued and placed said writ in the hands of the sheriff of Twin Falls county. Said sheriff on November 16, 1932, pursuant to written instructions from the plaintiff, among other things, delivered to and left with the recorder of Twin Falls county a copy of said writ together with a notice in writing that all the right, title, claim and interest of the defendant in and to said lease and crop mortgage was attached, and on November 17, 1932, delivered to the secretary of the defendant a copy of said writ together with such a notice of attachment, and said sheriff on

November 14, 1932, delivered to and left with Roy Wood a copy of said writ of attachment together with written notice that all moneys, goods, effects, debts due or owing, and any other personal property belonging to the defendant in the possession or under the control of said Roy Wood were attached; and on November 15, 1932, said Roy Wood made answer to said notice of attachment or garnishment in effect that he was in possession of the farm of defendant under a lease by which he was obligated to pay on November 1, 1932, the sum of $2,090 to defendant and that he was entitled to an offset in the sum of $112.60.

On December 6, 1932, the intervenor asked leave and was granted permission to intervene in said action and on said date filed its complaint in intervention setting up and reciting the making of said lease between the defendant and Roy Wood and the subsequent assignment of said lease to the First National Bank of Filer and the still later assignment by said bank to the intervenor, the attachment and garnishment, and alleging that at the time of said attachment and garnishment the defendant was not the owner of said lease or the moneys due thereunder but that at said date these were the property of the First National Bank of Filer and since December 3, 1932, had been and now are the property of the intervenor. After the demurrers and a number of motions made by plaintiff and directed to the complaint in intervention were disposed of, the plaintiff filed its answer thereto, setting up defendant's indebtedness to it, the commencement of the action, the issuance and levy of the writ of attachment, the making and recording of the lease, and in effect denied the assignment of said lease by the defendant to the First National Bank of Filer and by it to the intervenor, and alleged that if such assignments were made these were wholly fraudulent and void as against the plaintiff and were made with the intent to hinder, delay and defraud plaintiff and were made after the levy of said attachment with full knowledge thereof, and alleged that the First National Bank of Filer and the intervenor as its

successor in interest, are estopped to question plaintiff's lien upon the attached property and are estopped from claiming priority thereto.

Reference has been made to an agreement between the two banks and the defendant prior to the making of the lease involved. That agreement and the circumstances of it are as follows: A conference was held between representatives of the two banks and the defendant during which the possibility and desirability of leasing the lands for cash instead of a portion of the crop was discussed. It was agreed that defendant might make a cash lease provided it was assigned to one of the banks as additional security for the indebtedness owing both banks by the defendant. It was further agreed the banks would make certain advancements to procure grass seed to be sown on the ranch. Thereafter the lease was made as herein stated and the banks advanced $250 with which to purchase the needed grass seed.

Briefly stated, the question then for determination is: Is the plaintiff or the intervenor entitled to the rent money due upon the lease? The trial court found and concluded the intervenor was entitled to the money and the plaintiff has appealed.

Appellant makes nine assignments of error, some of which contain as many as four subdivisions. The several assignments raise but three issues:

1. Was the assignment of the lease by the defendant to the First National Bank of Filer, *bonafidely* made prior to plaintiff's attachment proceedings?

2. Is the assignment of the lease to the First National Bank of Filer a chattel mortgage and void as against the attaching creditor for failure to record the same; or, is it a pledge and void as against the attaching creditor because the property pledged was not delivered to the bank or a pledge-holder?

3. Was it necessary for the trial court to make a specific finding as to the amounts due from the defendant to the First National Bank of Filer and the intervenor?

The trial court by its Finding No. 13 found that said lease was duly and regularly assigned by the defendant to the First National Bank of Filer on March 4, 1932, as additional security to the obligations at that time owing by the defendant to said bank and the intervenor and as. security for an advance in the sum of $250 to be made by the First National Bank of Filer which was thereafter made prior to the commencement of this action; and the trial court by its Finding No. 8 found that a copy of said lease was delivered to said First National Bank of Filer at the same time. These findings are supported by competent evidence, in fact by a preponderance of evidence.

Before proceeding further it should be definitely understood we are not here concerned with the rights of an innocent purchaser. The plaintiff is only an attachment creditor and has no better claim or title to the funds in question than its debtor the defendant. (*Cunningham v. Bank of Nampa,* 13 Ida. 167, 88 Pac. 975, 121 Am. St. 257, 10 L. R. A., N. S., 706.)

The appellant contends that since the transfer of the lease by defendant to the First National Bank of Filer was as security only it must be deemed a mortgage or a pledge (I. C. A., sec. 44–804). And appellant further contends that if the transfer be deemed a mortgage it is void as to appellant because it was not filed for record in the office of the county recorder of Twin Falls county (I. C. A., secs. 44–1003 and 44–1004). And if it be deemed a pledge it is void as to appellant for the reason the property pledged was not delivered to the bank nor to a pledge-holder (I. C. A., secs. 44–1202 and 44–1206). On the other hand the respondent contends that such transaction was neither a pledge nor a chattel mortgage but simply an assignment of a chose in action and that by such assignment the First National Bank of Filer became the legal owner of the rent

to become due under the lease, and in support of its contention cites, among other authorities, the following: *Porter v. Title Guaranty & Surety Co.,* 21 Ida. 312, 121 Pac. 548; *Hall v. Kansas City Terra Cotta Co.,* 97 Kan. 103, 154 Pac. 210, Ann. Cas. 1918D, 605, L. R. A. 1916D, 361; *Bellingham Bay Boom Co. v. Brisbois,* 14 Wash. 173, 44 Pac. 153, 46 Pac. 238; *Heermans v. Blakeslee,* 93 Wash. 595, 161 Pac. 489; rehearing 97 Wash. 647, 167 Pac. 128; and *Farmers' State Bank v. Scheel,* 124 Wash. 429, 214 Pac. 825.

Both appellant and respondent have devoted considerable space in their respective briefs to a discussion of the question of whether or not the right or property of the defendant in and under the lease is such as may be the subject of chattel mortgage or pledge. The appellant contends that said right is such property as may be the subject of pledge or chattel mortgage. The respondent contends that secs. 44–1001, 44–1003 and 44–1005, I. C. A., providing what property is subject to chattel mortgage, for the recording thereof, or the actual possession of the mortgaged property, have reference only to tangible personal property capable of manual delivery and do not refer to choses in action and other intangible property.

It is not necessary to a decision of this case to decide whether a chose in action such as that in controversy here may be the subject of pledge or chattel mortgage. The question is not what could have been done, but rather, what was done and its legal effect. This court in the case of *Porter v. Title Guaranty & Surety Co.,* 21 Ida. 312, 121 Pac. 548, had under consideration a similar state of facts to that presented here. In that case the firm of Monarch & Porter, being indebted to the Title Guaranty & Surety Co. and also to one John Porter, assigned to the former as security certain claims for rebate on freight due from the Oregon Short Line R. R. Co. without the knowledge of said John Porter. Thereafter John Porter recovered a judgment against the firm of Monarch & Porter, caused execution to issue thereon and notice of garnishment to be served upon the

Oregon Short Line R. R. Co. The railroad company filed its answer to the notice of garnishment and admitted its indebtedness to Monarch & Porter. Thereafter the Title Guaranty & Surety Co. filed in said action a petition in intervention setting up its right, title and interest to the funds admitted in the answer of the railroad company to be due to Monarch & Porter. It was there held that if the debt was owed by the railroad company to Monarch & Porter and they assigned and transferred such indebtedness to the Title Guaranty & Surety Co. for a valuable consideration before the notice of garnishment was served upon the railroad company, it ceased to be a debt from the railroad company to Monarch & Porter and became a debt of the railroad company to the Title Guaranty & Surety Co. and was not subject to the garnishment in the action of *John Porter v. Monarch & Porter.* It was further decided that in the absence of statute "no particular method or form is necessary to effect a valid assignment of property, credits or debts so as to defeat the garnishment proceedings by the creditor of the assignor." In that case the question of such an assignment amounting to a chattel mortgage or a pledge was not raised nor discussed; but, as above indicated, the validity and effectiveness of such an assignment was recognized.

In the case of *Hall v. Kansas City Terra Cotta Co., supra,* the terra cotta company had contracted to furnish certain materials to a building contractor. Thereafter it assigned its contract together with the moneys due and to become due thereon to a bank as security for past obligations and future advances. The contract was placed in the hands of the bank with the assignment which was not recorded. Thereafter Hall, a creditor of the terra cotta company, garnished the contractor. The bank did not have exclusive control of the contract but left the terra cotta company in control as its agent to receive and receipt for the sums due under the contract. The trial court held the assignment to be a chattel mortgage and void as against the attaching creditor

because it had not been recorded. The Supreme Court of Kansas in reversing the case, said in part: "But in our opinion the assignment was neither a chattel mortgage nor a pledge. It was simply what it purported to be, an assignment of a sum or sums due and to become due." The Supreme Court of Washington has had before it several times the question here under consideration. In the case of *Heermans v. Blakeslee, supra,* that court considered the case of *Hall v. Terra Cotta Co., supra,* disagreed with the conclusions therein and concluded that such an assignment amounted to a chattel mortgage and if not recorded was void as to creditors. However, on rehearing it was said: "A majority of the judges are now of the opinion the contract here in question is simply an assignment of a chose in action and not a chattel mortgage." In the case of *Cox v. Bateman,* 139 Wash. 135, 245 Pac. 928, Bateman had brought suit against James C. Davis. He had assigned all he might receive from said action to a bank as security, which assignment was never recorded. Thereafter Bateman was awarded a judgment against Davis. In the meantime one Cox had obtained a judgment against Bateman and six days after the decision in the Bateman-Davis case Cox sued out a writ of garnishment which was served upon Davis before the judgment in favor of Bateman was entered. The court held the assignment to be superior to the rights of the garnishment. The court in that case cited the early Washington case of *Bellingham Bay Boom Co. v. Brisbois, supra,* where a similar rule was announced, as still the law of the state of Washington.

The Supreme Court of Montana in the case of *Board of Trustees v. Whalen,* 17 Mont. 1, 41 Pac. 849, lays down the rule that the law relating to acknowledgments and registration of chattel mortgages is not applicable to the assignment of moneys due under a building contract.

The appellant attempts to distinguish the case of *Porter v. Title Guaranty & Surety Co.,* decided by this court, and the other authorities last above cited from the instant case

and points out certain distinctions between the facts presented by those cases and in the instant case. The distinctions, if such they be, in so far as the principles involved are concerned, are distinctions without a difference.

The weight of authority supports the rule that the assignment of a chose in action is valid and superior to the rights obtained under subsequent attachment of the chose by the creditor of the assignor, and that such an assignment does not constitute either a pledge or a chattel mortgage. However, I believe there was a sufficient delivery of the chose in action in this case, that is the lease, to constitute a valid pledge. The trial court has found that the original lease was filed for record as a chattel mortgage in the office of the recorder of Twin Falls county. It thereby became a part of the public records of said county and was required by law to so remain until released (sec. 44–1006, I. C. A.). And it could not be physically delivered to the bank, but a copy thereof was delivered to the bank together with a written transfer of title—a sufficient delivery of the thing pledged to satisfy the requirements of sec. 44–1202, I. C. A., bearing in mind that there was no note or other evidence of the amount due under the lease. In this connection attention is again called to the fact the plaintiff has only the rights obtained by virtue of the notice of garnishment on the lessee Wood. It is true that the plaintiff, in addition to garnishing the lessee, attempted to attach the lease by serving upon the recorder of Twin Falls county a notice that it was attached. Plaintiff acquired nothing by this action. The statute makes no specific provision for the attachment of the interest of the mortgagee under a chattel mortgage although provision is made for attaching the interests of the mortgagor (sec. 44–1008, I. C. A.). The interest of the mortgagee, therefore, must be attached, if at all, under the general provisions of the statute with reference to attachments and particularly sec. 6–506, I. C. A., which, in effect, provides that personal property capable of manual delivery must be attached by taking it into custody; that

debts, credits and other personal property not capable of manual delivery must be attached by leaving with the person owing such debts or having in his possession or under his control such credits or other personal property a copy of the writ and a notice that such debts, credits or other personal property belonging to the defendant are attached in pursuance of such writ. The recorder of Twin Falls county was neither the person owing the debt nor did he have the credits or personal property sought to be attached, in his possession or under his control within the meaning of that section. All he had was a public record of Twin Falls county. Until such time as the legislature sees fit to provide a means for attaching such records they cannot be attached; it would be contrary to public policy to permit the attachment thereof.

This brings us to the final proposition with reference to the sufficiency of the findings of the trial court. It is the rule the trial court is required to make findings on all material issues; and in this jurisdiction it is the further rule that findings are to be liberally construed in support of the judgment (*Fairbairn v. Keith,* 47 Ida. 507, 276 Pac. 966). It would doubtless have been better had the trial court found the amount due the intervenor from the defendant. However, the findings are sufficient that the defendant is in fact indebted to the intervenor. All of the evidence is to the effect the amount of that indebtedness is considerably in excess of the amount of the funds in question and any finding made would have to be to that effect and would be of no benefit to the appellant. The record does not disclose any request on behalf of appellant for a finding upon the question of the amount of the indebtedness and no such question is directly raised by the pleadings. The findings are therefore sufficient.

The judgment should be affirmed. Costs awarded to the intervenor and respondent.

Budge, Morgan and Holden, JJ., concur.

Givens, C. J., concurs in conclusion.