**NASHUA MANUFACTURING COMPANY, Appellant,**

v.

**HOOPER TRAILER SALES, INC., et al., Bankrupts, Appellees.**

No. 24009.

United States Court of Appeals, Ninth Circuit.

June 24, 1971.

---

Steve Butler (argued), Frank B. Morgan, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for appellant.

Robert E. Bakes (argued), of Bakes & Ward, Boise, Idaho, Issie Jenkins (argued), Lee A. Jackson, Meyer Rothwacks, Ann E. Belanger, Attys., Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, Sherman F. Furey, Jr., U. S. Atty., Clarence D. Suiter, Asst. U. S. Atty., Boise, Idaho, for appellees.

Before HAMLIN, DUNIWAY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

This case presents a single question: whether the failure of an assignee of accounts receivable to use the filing provisions of the Idaho Assignment of Accounts Receivable Act, Idaho Code Title 64, ch. 9, particularly the annual refiling provision of § 64–903(2), renders the assignment void as against creditors, including the trustee in bankruptcy of the assignor, even though the assignee had given notice of the assignment to the account debtor. The trial court held for the creditor and the trustee, and against the assignee. We affirm.

On appeal, the assignee argues that the Act merely establishes an alternative method of perfecting such an assignment. It points out that before the adoption of the Act, notification by the assignee to the account debtor sufficiently perfected the assignment to protect the assignee against subsequent assignees of the same account, and that even such notice was not necessary for protection against subsequent creditors, as distinguished from assignees. See Porter v. Title Guaranty and Surety Co., 1912, 21 Idaho 312, 121 P. 548; Gem State Lumber Co. v. Galion Irrigated Land Co., 1935, 55 Idaho 314, 41 P.2d 620. Next, it points to the fact that the Act uses permissive terminology: "An assignee may file. * * *" (§ 64–902(1)) "A filing assignee may * * * file a notice of renewal." (§ 64–902(2)). Finally it says that the Act, adopted in 1945, was a response to the decision of the Supreme Court in Corn Exchange National Bank & Trust Co., Philadelphia v. Klauder, 1943, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884. As to the background and effect of *Klauder*, see Costello v. Bank of America NT & SA, 9 Cir., 1957, 246 F.2d 807. From these premises, the assignee argues that the Act was intended to provide a new and alternative means whereby an assignee could obtain protection, not a new and exclusive means of doing so.

The Idaho Supreme Court has not had occasion to pass on this argument, nor does it appear likely that it will ever be called on to do so. The Act was repealed when Idaho adopted the Uniform Commercial Code in 1967.

We do not find appellant's arguments particularly persuasive. For example, the Act is not a mere "validation" statute, such as would be sufficient to protect assignees from any possible conse-

quence of *Klauder*. Rather, although it does use the permissive word "may," it appears to set up a complete scheme under which assignees, by recording, can obtain protection against both bona fide purchasers and creditors. The clear implication would seem to be that, if an assignee wants such protection, he should follow the Act. This was essentially the view taken by the referee, and concurred in by the District Judge. Considering "the deference which we should accord to the conclusion of the district judge as to the law of the state wherein he sits" (Turnbull v. Bonkowski, 9 Cir., 1969, 419 F.2d 104, 106), we cannot say that the judge was wrong.

Affirmed.