NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED CAPITAL FUNDING CORP., a Florida corporation,

Plaintiff-Appellant,

v.

ERICSSON INC, a Delaware corporation and KYKO GLOBAL, INC.,

Defendants-Appellees.

No. 16-35442

D.C. No. 2:15-cv-00194-JCC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 8, 2018
Seattle, Washington

Before: M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,** District Judge.

United Capital Funding Corporation ("United") appeals the decisions of the

district court granting the two motions for summary judgment filed by Ericsson,

Incorporated ("Ericsson"), and denying United's cross-motion for summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

judgment and motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because genuine issues of material fact preclude summary judgment, we vacate the district court's entry of judgment in favor of Ericsson, reverse the district court's grants of summary judgment to Ericsson on United's Complaint and Ericsson's Counterclaim, and remand the case for further proceedings consistent with this disposition.

The case involves a September 27, 2010 factoring agreement between United and Prithvi Solutions, Inc. ("Prithvi"), under which United obtained a security interest in all of Prithvi's present and future accounts receivable, along with the opportunity to purchase specific accounts from Prithvi at a discount which would be listed on account schedules from time to time. Invoices to Ericsson for work performed by Prithvi[1] represented some of the accounts receivable covered by the assignment to United. Between March 2013 and May 2014, Ericsson paid $3.4 million on Prithvi's invoices to United. The parties dispute whether Ericsson knew it was paying United instead of Prithvi, but it is not in dispute that those funds were actually paid to United.

The main contention regards to whom Ericsson was obligated to pay on twenty-two outstanding Prithvi invoices amounting to $184,539.50. United claims

---

[1]    Prithvi provided businesses like Ericsson with staffing and personnel-related services.

that in light of the assignment, Ericsson should have paid United on the invoices and should not have paid another creditor, Kyko Global, Inc. ("Kyko"),[2] in satisfaction of a writ of garnishment which concerned some of the same funds. As a result, United sued Ericsson for payment under Washington's version of the Uniform Commercial Code Section 9-406, Revised Code of Washington Section 62A.9A-406. Section 62A.9A-406(a) provides that after receiving effective notice of an assignment, an account debtor like Ericsson can only discharge the debt by paying the assignee, here United. Wash. Rev. Code § 62A.9A-406(a). While the parties dispute when Ericsson received notice of the assignment and whether the notice was effective, all parties agree that Ericsson received the notice by May 8, 2014, before the garnishment judgment was entered.

In its answer, Ericsson argued that it was immune from United's suit pursuant to Revised Code of Washington Section 6.27.300, which provides immunity to a garnishee from liability to a defendant when, pursuant to a garnishment judgment, the garnishee paid the funds at issue to the garnishor. Ericsson counterclaimed for unjust enrichment, asserting that it had made double payments to Kyko and United on certain Prithvi invoices. Ericsson also conditionally interpleaded Kyko, claiming that if Prithvi had properly assigned the Ericsson accounts to United prior to the writ of garnishment, then Ericsson was

---

[2] Kyko was another factoring company with which Prithvi did business.

entitled to a refund from Kyko.

1.    The district court's summary judgment rulings, *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994), and choice of law, *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000), are reviewed de novo.

2.    In determining what law applies, the court looks to the choice of law rules of the state in which the district court sits—in this case Washington. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Unless the parties have clearly expressed a choice of law, courts in Washington look to "the state with the most significant relationship to the issue in question." *W. Am. Ins. Co. v. MacDonald*, 841 P.2d 1313, 1315 (Wash. Ct. App. 1992). Because there is no agreement between Ericsson and United that expresses a choice of law, we determine which state has the most significant relationship to the action.

At its core, this case concerns a dispute over the right to payment associated with Kyko's garnishment judgment entered in Washington state court, which arose from a judgment entered in the Western District of Washington. Indeed, despite United's contention that the garnishment action is irrelevant to its claims, United asserts that "[i]nstead of paying United on [the] 22 accounts, Ericsson paid Kyko . . . in response to a garnishment writ" and that "[t]he money that Ericsson paid to Kyko included payment of the same 22 accounts that Ericsson owed to United." Blue Br. at 8, 10. Thus, Washington has the most significant relationship to the

case, and we will apply Washington law.

3. The district court incorrectly concluded that no genuine issues of material fact existed, and that United was assigned the twenty-two invoices at issue when Prithvi offered them for sale on the periodic schedules. Instead, United obtained the assignment from Prithvi over all current and future accounts receivable on September 27, 2010, when the parties entered into the factoring agreement. As Prithvi had already assigned those accounts to United in 2010, the district court incorrectly focused on whether the signature of Prithvi's CEO on the schedules was valid in determining whether Prithvi had assigned United an interest in its accounts. The conclusion that no genuine issue of material fact precluded summary judgment was error and it requires the reversal of the court's summary judgment rulings.

4. On appeal, the parties do not dispute that the September 27, 2010 factoring agreement was valid. As stated, United received the assignment of all of Prithvi's accounts pursuant to that agreement. The primary issue is whether the notice of the assignment, which was provided to Ericsson no later than May 8, 2014, was effective. The notice received by Ericsson explained that Prithvi had assigned a security interest in all of its present and future accounts to United, and that Ericsson was obligated to pay United directly on all of Prithvi's invoices.

Whether the notice was effective is important for two reasons. First, under Revised Code of Washington Section 62A.9A-406(a), Ericsson was obligated to pay only United on Prithvi's invoices once it received effective notice thereof. Wash. Rev. Code § 62A.9A-406(a).[3] Ericsson did not pay United on the twenty-two invoices at issue. Second, if the notice was effective but Ericsson failed to bring the fact of the assignment to the attention of the Washington state court during the garnishment proceedings, Ericsson cannot avail itself of immunity under Revised Code of Washington Section 6.27.300. Section 6.27.300 does not bar an assignee's lawsuit against an account debtor/garnishee when the debtor: (1) received notice of the assignment before entry of the garnishment judgment; and (2) failed to apprise the court of the notice or interplead the assignee. *See Portland Ass'n of Credit Men, Inc. v. Earley*, 254 P.2d 758, 763-64 (Wash. 1953) (providing that the assignee could collect from the garnishee, even though the garnishee had already paid the garnishor, because the assignee was not made a party to the garnishment proceedings), *superseded on other grounds by* Wash. Super. Ct. Civ.

---

[3]      For the first time, Ericsson argues that, as described in *Forest Capital, LLC v. BlackRock, Inc.*, 658 F. App'x 675 (4th Cir. 2016), U.C.C. § 9-406 does not create a private right of action for assignees. *Id.* at 679–80. We will not address this contention as Ericsson failed to raise it below and, thus, did not adequately preserve it. *See Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) ("Plaintiff did not present those arguments in any form to the district court. Accordingly, they are not preserved, and we decline to address them on appeal."); *see also* Fed. R. Civ. P. 12(h)(2) (providing the appropriate times for a party to argue a failure to state a claim upon which relief can be granted).

R. 24, *as recognized in Ford v. Logan*, 483 P.2d 1247 (Wash. 1971); *Bellingham*

*Bay Boom Co. v. Brisbois*, 44 P. 153, 154–55 (Wash. 1896) (providing that a

garnishee must protect the rights of all parties, and if it "receive[s] notice of the

assignment in time to bring it to the attention of the court, it is [the garnishee's]

duty to do so," regardless of whether the assignee knew of the garnishment, and

that a failure to meet that duty opens the garnishee up to suit by the assignee). In

concluding that Ericsson was entitled to immunity, the district court did not discuss

this binding precedent.

5.      In order to be effective, the notice of the assignment must "reasonably

identify the rights assigned." Wash. Rev. Code § 62A.9A-406(b)(1). In *Northwest*

*Business Finance, LLC v. Able Contractor, Inc.*, 383 P.3d 1074 (Wash. Ct. App.

2016), the Washington Court of Appeals held that a general notice of assignment

that merely states that all accounts, present and future, have been assigned is not

effective notice. The court concluded that:

> a debtor need only make payment when notified that the particular
> "amount due" has been assigned and needs to be paid to the assignee.
> A general notification that the assignee claims a security interest in
> "all" accounts receivable or that they are payable to the assignee does
> not "reasonably identify the rights assigned." A general notification is
> insufficiently specific to satisfy the requirements of the statute.

*Id.* at 1078. It continued, "[a]ccordingly, we conclude that RCW 62A.9A-406(a)

requires notice that each identified account receivable had been assigned before the

debtor had the obligation to pay the amount owed to the assignee" and that a

"statement that 'all' accounts have been assigned does not reasonably identify an account for the debtor." *Id.* at 1079.

Despite the broad holding in *Northwest Business*, the case is distinguishable on its facts.[4] In *Northwest Business*, like in this case, the notice of assignment provided that the assignor had assigned all present and future accounts receivable to the assignee and that all invoices should be paid to the assignee. *Id.* at 1076. However, the parties' course of conduct in that case diverged from this direction since the account debtor was told to pay the assignee or the assignor depending on whether a given invoice had a sticker on it. *Id.*

Here, to the contrary, the parties' course of conduct did not diverge from the directions provided in the notice (whether Ericsson knew it or not). Instead, if United's version of the facts is accepted, the parties' course of conduct indicates that there was no confusion over what should be paid to whom (Ericsson in fact paid United $3.4 million over the course of a year). As a result, Ericsson, through its acquiescence, communications with United and Prithvi, and payments to United, may have conceded that the notice was, in fact, effective and waived any challenges thereto. *See* Wash. Rev. Code § 62A.9A-406 cmt. 3 ("If an account

---

[4]   We reach no conclusion regarding whether the rule of *Northwest Business* is practical or whether it comports with Section 62A.9A-406 (b)(1) and comment 3 thereto which provide that the notice of assignment need only "reasonably identify the rights assigned" and that a "reasonable identification need not identify the right to payment with specificity."

debtor has doubt as to the adequacy of a notification, it may not be safe in disregarding the notification unless it notifies the assignee with reasonable promptness as to the respects in which the account debtor considers the notification defective.").

Ericsson, however, contends that it did not know it was paying United instead of Prithvi and had no notice of the assignment until May 8, 2014.

6.     Under these competing versions, genuine disputes as to material facts prevent granting summary judgment to either party. Specifically, the parties dispute: (1) when Ericsson received notice; (2) whether Ericsson knew it was paying United; and (3) whether the parties' course of conduct evidenced a subsequent agreement to treat the notice as effective despite any defects therein. The dispute over these facts all go to the effectiveness of the notice which, in turn, affects the applicability of Revised Code of Washington Sections 62A.9A-406 and 6.27.300. These issues will need to be addressed on remand.

7.     To the extent that the district court determines on remand that Ericsson's counterclaim for unjust enrichment otherwise has merit, it should also investigate whether Revised Code of Washington Section 62A.9A-404 prohibits Ericsson from bringing an affirmative claim against United and limits its remedy to the defense of setoff to reduce the amount Ericsson owes. Wash. Rev. Code § 62A.9A-404(b) (providing that "the claim of an account debtor against an assignor

9                                                    16-35442

may be asserted against an assignee under subsection (a) of this section only to reduce the amount the account debtor owes") and cmt. 3 (providing that "subsection (b) generally does not afford the account debtor the right to an affirmative recovery from an assignee"). While United first put Ericsson on notice of this issue in its answer (albeit citing to Florida's UCC) and later in its response to Ericsson's motion for summary judgment, the district court did not discuss or rule on the issue.

**REVERSED and REMANDED, and judgment VACATED.**